1  Cory A. Santos, Sr., Esq.
   Nevada State Bar No.: 8247
2  Cory@SantosLawOffices.com
   Theresa M. Santos, Esq.
3  Nevada State Bar No.: 9448
   TSantos@SantosLaw.Attys.Pro
4  SANTOS LAW, PLLC.
   241 Ridge Street, Suite 340
5  Reno, NV 89501
   Office: (775) 420-5222/Fax: (702) 456-5130
6  *Designated Resident Nevada Counsel
   for Plaintiff Kristine Kerlus*

7

8 **UNITED STATES DISTRICT COURT**

9 **DISTRICT OF NEVADA**

10

11  KRISTINA KERLUS, individually,                     Case No.: 2:24-cv-02352-NJK

12                    Plaintiff,

13         vs.                                          **MOTION TO WITHDRAW AS**
                                                        **RESIDENT NEVADA COUNSEL**
14  DR. JENNIFER CORNEAL, in her individual
    capacity; A. SANTOS, in her individual
15  capacity; CITY OF LAS VEGAS, a Municipal
    corporation; COUNTY OF CLARK,
16  a Municipal corporation; LAS VEGAS
    METROPOLITAN POLICE DEPARTMENT,
17  jointly and severally,

18                    Defendants.

19

20         Pursuant to LR 1A 10-2 and LR 1A 11-6, attorneys Cory A. Santos, Sr. and Theresa M.

21  Santos (hereinafter, unless individually referred to, shall be collectively referred to as "Santos

22  Law") designated resident Nevada counsel for Plaintiff, Kristina Kerlus, respectfully submit this

23  Motion to Withdraw as Resident Nevada Counsel.

24  ///

25  ///

26  ///

27  ///

28  ///

This Motion is based upon the pleadings and papers on file herein, the exhibits attached hereto, and any oral argument this Honorable Court requires on this Motion.

Respectfully submitted

SANTOS LAW, PLLC.

*/s/ Theresa M. Santos*
_____
Theresa M. Santos, Esq.
Cory A. Santos, Sr., Esq.
241 Ridge Street, Suite 340
Reno, Nevada 89501
Attorney for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF FACTS**

This is an action for damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Nevada state law against Defendants. The alleged events took place in Las Vegas, Nevada. (ECF. No. 1) (ECF. No. 7).

Upon information and belief, Plaintiff sought representation from Michigan attorney Wolfgang Mueller, Esq., for damages related to the allegations enumerated in the Complaint and Amended Complaint. (ECF. No. 1) (ECF. No. 7). Attorney Wolfgang Mueller is licensed to practice law in Michigan, but not in Nevada. However, his colleagues, Cory A. Santos, Sr., Esq., and Theresa M. Santos, Esq., have both been licensed attorneys in good standing in Nevada for over twenty (20) years. Based upon representations and the facts of the instant case as relayed to Santos Law by Attorney Mueller – as well as Mr. Santos' awareness of Attorney Mueller's experience and reputation in Michigan – Santos Law agreed to Mr. Mueller's request to serve as resident counsel while Attorney Mueller filed for pro hac vice admission.

Attorney Mueller stressed to Santos Law that in Attorney Mueller's legal judgment, the statute of limitations to file an action in this matter was fast approaching and he had to act quickly in filing the Complaint in this matter. Therefore, as Attorney Mueller had drafted a Complaint to file, Santos Law assisted Attorney Mueller's office in conforming the Complaint to the local Nevada rules and filed the Complaint on Attorney Mueller's behalf. Subsequently, a

First Amended Complaint would also be filed in this matter. (ECF. No. 1) (ECF. No. 7).

Pursuant to this Honorable Court's Order on December 18, 2024, attorney Mueller was ordered to complete and file a Verified Petition and Designation of Local Counsel and register for the court's electronic filing system via PACER. (ECF. No. 5). The Verified Petition was due by January 1, 2025. However, to date, Mr. Mueller has not filed such a Petition.

Meanwhile, on December 18, 2024, Patrick Driscoll, Esq., a lawyer from the Chicago law firm of Romanucci & Blandin, LLC., emailed Santos Law and stated that *his* firm actually represented Plaintiff. The email also copied another Chicago attorney at the firm named Antonio Romanucci, Esq. (Exhibit 1). Attorney Driscoll did not provide any proof of his firm's alleged representation other than his letter. Attorney Driscoll requested Santos Law to provide his law firm with proof of Santos Law, PLLC.'s representation of Plaintiff. *Id*.

Santos Law timely responded by forwarding a copy of Attorney Driscoll's email message to Attorney Mueller. Additionally, Attorney Cory Santos, Sr. responded to Attorney Driscoll's email by sending an email back to him, copied to Attorney Mueller, stating that as Mr. Mueller was Plaintiff's attorney, he (attorney Driscoll) should discuss the matter with him (attorney Mueller). (Exhibit 2).

Later on December 18, 2024, Attorney Romanucci responded via email that he also desired proof of Santos Law representation and advised Santos Law to discuss the matter with Attorney Mueller (which of course, Santos Law had already done). (Exhibit 3).

Attorney Mueller then emailed Attorney Romanuci. (Exhibit 4). Attorney Romanucci responded via email that he did not want Santos Law to take any further actions on behalf of Plaintiff. (Exhibit 5). Attorney Romanucci copied this email to Attorney Driscoll, Attorney Mueller and another attorney at Attorney Romanucci's firm, Attorney Gina DeBoni. *Id*.

Several additional emails were sent between Santos Law, Attorney Mueller and Attorney Romanucci regarding this matter. Santos Law believed that Attorney Mueller and Attorney Romanucci (or another attorney at his firm) were discussing the representation controversy.

Santos Law then recommended that the Complaint be amended to include a party. On December 19, 2024, Attorney Romanucci agreed with Santos Law, and specifically instructed

Santos Law to file an amended Complaint in the matter. (Exhibit 6). Attorney Mueller concurred with Attorney Romanucci and thus, Attorney Mueller drafted an Amended Complaint for Santos Law to file in this matter. Santos Law filed the First Amended Complaint on December 19, 2024 and emailed a copy of the pleading to Attorney Romanucci, Attorney Driscoll, Attorney Mueller and, Attorney DeBoni. (ECF. No. 7).

On December 31, 2024, Attorney Mueller emailed Attorney Romanucci, specifically asking whether he was going to file a substitution of attorney in the instant matter. (Exhibit 7). Neither Attorney Romanucci, nor anyone from his office, responded.

On January 6, 2025, Cory Santos, Sr., Esq. sent an email to Attorney Romanucci, copied to Theresa Santos, Esq., Attorney Mueller, Attorney Driscol and Attorney DeBoni stating:

> Mr. Romanucci,
> Following up on this, have you decided what you are going to do?
> Again, my office is happy to assist as local counsel if needed, however, we need direction if you are in fact proper counsel for the plaintiff.
> Have you spoken with Ms. Kerlus about this?
> As time is of the essence, please advise.

(Exhibit 8).

This time, Santos Law received an out of office reply from Attorney Romanucci. (Exhibit 9).

On or about January 10, 2025, Attorney Driscoll, on behalf of Romanucci & Blandin, LLC., sent this Honorable Court an ex parte letter seeking the Court's legal advice. (ECF. No. 8). In this correspondence, Attorney Driscoll identified himself as counsel for Plaintiff and that Attorney Mueller's representation of Plaintiff was in error. (ECF. No. 8). Santos Law was not consulted nor was it involved in any way with this letter.

This Honorable Court replied to Attorney Driscoll's ex parte letter, by issuing a minute order regarding this document, noting that any document requesting a court order must be styled as a motion, not a letter, pursuant to Local Rule 1A 10-2. (ECF. No. 8).

On January 13, 2025, Cory Santos, Sr. Esq. sent another email to Attorney Romanucci, Attorney Driscoll and Attorney DeBoni which was copied to Theresa Santos, Esq. and Attorney Mueller. (Exhibit 10). The email noted that Attorney Romanucci had not provided proof of his

office's representation of Ms. Kerlus and stated:

> I cannot continue to act as local counsel unless it is clear who represents Ms. Kerlus and an agreement is reached between my office and yours.
> Kindly let me know if you would like my office to act local counsel or if you are going to obtain another firm to act as local counsel in Nevada.
>
> As it is close to being one month since the complaint in this matter was filed, if I do not hear from you in writing before the close of business on Friday, January 17, 2025 (Nevada time), I will have no choice but to file a Motion to Withdraw as counsel in this matter. Thank you for your prompt attention to this matter as time is of the essence.

(Exhibit 10).

Following the above email, Cory Santos, Sr., Esq. briefly spoke by phone with Attorney DeBoni, the managing and senior partner at Romanucci & Blandin, LLC. Attorney DeBoni noted that Attorney Romanucci was out of the office and would be coming back later in the week. The conversation was friendly and professional, leading Cory Santos, Sr., Esq. to believe a conclusion would soon be reached as to what to do about the representation controversy.

On January 28, 2025, Cory Santos, Sr., Esq. followed up regarding this matter by emailing Attorneys DeBoni, Mueller and Driscoll. (Exhibit 11). Theresa Santos, Esq. was also copied. The email provided Cory Santos' cell phone and stated:

> Hi Gina,
> I waited a while so your partner could get back to me but I have not received a response.
> Can we schedule a phone appointment this week to get this completed?
> I also see the judge issued an order regarding his letter. Hope all is well. . .

(Exhibit 11).

On the same date, an auto reply responded from Attorney DeBoni's email stating that she was out of the office and would be back return on January 31, 2025.

(Exhibit 12).

On February 4, 2025, Attorney Cory Santos again sent an email regarding this matter to Attorney DeBoni, copied to Attorneys Driscoll, Romanucci, Mueller and Theresa Santos, Esq. The email again provided Mr. Santos' cell phone number and stated:

> Hi Gina, I received an out of office reply from my last email. I am following up. I need to know what your intentions are.
> Thank you.

(Exhibit 13).

Two months have passed since the Court's Minute Order. To date, neither Attorney

Mueller nor Attorney Driscoll have filed a pleading regarding this matter. Moreover, Romanucci & Blandin, LLC., has not responded to recent emails. As it is unclear who actually represents Ms. Kerlus, at this point, and neither Attorney Romanucci nor Attorney Mueller have given any instructions regarding this matter, Santos Law has no choice but to file this Motion to Withdraw as Counsel.

## II. LAW AND ARGUMENT

Local Rule IA 11-2 provides that an attorney who is not a member of the bar of this court may appear only with the court's permission. The applications must be by verified petition on the form furnished by the clerk and must meet several requirements. LR IA 11-2(a). Among the requirements to practice pro hac vice is the requirement that the attorney associate with an active member of the State Bar of Nevada. LR IA 11-2(5).

Local Rule IA 11-6 provides that any attorney who seeks to withdraw after appearing in a case must do so by motion or stipulation. No withdrawal or substitution will be approved if it will result in delay of discovery, the trial or any hearing in the case. LR IA 11-6(e).

In the instant matter, Santos Law, PLLC. agreed to act as local counsel for Attorney Mueller as he sought to practice in Nevada pro hac vice. Santos Law assisted with the drafting and filing of both the original Complaint as well as the First Amended Complaint. (ECF. No. 1) (ECF. No. 7). Upon receipt of the original Complaint, the Court issued a Notice, requiring Attorney Mueller to register for the court's electronic filing system and to submit the verified petition by January 1, 2025. (ECF. No. 5). It appears that Attorney Mueller has done neither.

On or about December 18, 2024, one day after filing the original Complaint, counsel learned from Attorney Mueller that he might not be Plaintiff's attorney of record. (Exhibit 1). At this point, Attorney Driscoll, an attorney with Romanucci & Blandin, LLC, claimed to be the attorney retained to represent Plaintiff. Mr. Driscoll sent correspondence to Santos Law notifying the firm of his representation, and instructing it to cease all work related to the representation of Plaintiff. (Exhibit 1).

-6-

Then, on or about January 3, 2025, attorney Driscoll notified this Honorable Court via an ex-parte letter, that he – not Mr. Mueller – was the attorney of record for the Plaintiff. (ECF. No. 8). In this ex-parte communication, Attorney Driscoll oddly sought guidance from this Court on the appropriate procedure for withdrawing the Complaint filed by Attorney Mueller, without prejudicing the Plaintiff. To date, neither Attorney Driscoll, nor any other attorney affiliated with Romanucci & Blandin, LLC., has filed any pleading in any attempt to resolve this matter with this Court. Santos Law has no relationship - professional or otherwise - with Attorney Driscoll or anyone else at Romanucci & Blandin, LLC. Messages made to Romanucci & Blandin, LLC from Santos Law regarding resolution of this matter have gone unanswered and unreturned.

Based upon the inaction of Attorney Mueller by not following the requirements of Local Rule IA 11-2, coupled with the ex-parte communication to this court from attorney Driscoll, no party has provided proof to Santos Law of its actual representation of Plaintiff. Romanucci & Blandin, LLC, has not provided any guidance nor instructions regarding this case. It would be a practical and ethical conflict for Santos Law to continue as local counsel in this matter based upon the above.

Moreover, by extension, Santos Law cannot ethically serve as resident counsel for Plaintiff because if she was never Attorney Mueller's client, she never consented to any representation by Attorney Mueller, and thus, Santos Law. Alternatively, if Plaintiff's attorney is Romanucci & Blandin, LLC, without an agreement between it and Santos Law, Santos Law cannot practically nor ethically continue to serve as local counsel.

In this matter, it is still early in the proceedings. Discovery has not yet begun and (other than the instant motion) there are no motions pending before this court on this matter. As such, allowing Santos Law to withdraw at this juncture is appropriate and will not delay discovery, trial, or any hearing in this case.

///

///

///

### III. CONCLUSION

For the reasons stated above, Santos Law respectfully requests that this Court grant the instant Motion to Withdraw, give Plaintiff thirty (30) days for her true counsel to file a substitution of attorney, and order Plaintiff to secure new resident counsel.

DATED this 13th day of March, 2025.          SANTOS LAW, PLLC

By: /s/ Theresa M. Santos
Nevada State Bar No. 8247
cory@santoslawoffices.com
Theresa M. Santos, Esq.
Nevada State Bar No. 9448
Tsantos@santoslaw.attys.pro
241 Ridge St., Suite 340
Reno, NV 89501
Office: (775) 323-1084; Fax (702) 456-5130
*Designated Resident Nevada Counsel for Plaintiff*

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that on the 13th day of March, 2025, a copy of **MOTION TO WITHDRAW** in the above entitled matter was:

  X    deposited in the United States mail, postage prepaid addressed to:

  X    Patrick J. Driscoll, Esq.
         Antonio Romanucci, Esq.
         Gina DeBoni, Esq.
         Romanucci & Blandin
         321 N. Clark St., Ste. 900
         Chicago, IL 60654

  X    Wolfgang Mueller, Esq.
         Mueller Law
         41859 W. 11 Mile Rd., Ste. 101
         Novi, MI 48375

  X    Emailed to:

         Pdriscoll@rblaw.net
         Gad@rblaw.net
         Aromanucci@rblaw.net
         Wolf@wolfmuellerlaw.com

/s/ *Theresa Santos*

An employee of Santos Law, PLLC.