PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
**-and-**
ANTONIO M. ROMANUCCI, ESQ. (Admitted PHV)
Email: aromanucci@rblaw.net
PATRICK DRISCOLL, ESQ. (Admitted PHV)
Email: pdriscoll@rblaw.net
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Tele: (312) 458-1000

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KRISTINA KERLUS; individually,<br><br>Plaintiff,<br><br>vs.<br><br>DR. JENNIFER CORNEAL; in her individual capacity; A. SANTOS, in her individual capacity; CITY OF LAS VEGAS; a municipal corporation, COUNTY OF CLARK; a municipal corporation, LAS VEGAS METROPOLICATAN POLICE DEPARTMENT, jointly and severally,<br><br>Defendants. | Case No. 2:24-cv-2352-APG-DJA<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF THE FIRST AMENDED COMPLAINT**<br><br>**(FIRST REQUEST)** |

Pursuant to Federal Rules of Civil Procedure 4(m) and 15(a)(2), Plaintiff Kristina Kerlus, by and through undersigned counsel, respectfully requests that the Court extend her time (to and until May 2, 2025) to serve her First Amended Complaint which was filed on December 19, 2024. *See* ECF No. 7. For the reasons set forth in this Motion, good cause

and/or excusable neglect exists to support this request.  This is Plaintiff's first request for an extension of time.

In support of this Motion, Plaintiff relies upon the Memorandum of Points and Authorities below, all papers on file in this civil action and any additional argument the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

1. Plaintiff's claims in this case arise from her malicious prosecution related to the death of her infant son in 2018.  *See* ECF No. 1.

2. The initial Complaint in this case was filed on December 17, 2024 claiming, pursuant to 42 U.S.C. § 1983, violations of Plaintiff's rights pursuant to the Fourteenth Amendment of the United State Constitution to be afforded equal protection and due process, and the Fourth Amendment of the United States Constitution to be free from malicious prosecution by Defendant's Corneal and Santos.  ECF No. 1.

3. The First Amended Complaint in this case was filed on December 19, 2024, asserting the same claims but adding additional parties.  ECF No. 7.

4. The initial Complaint was filed by Santos Law and Muller Law Firm without the knowledge or authorization of Plaintiff.  *See* ECF No. 9, pp. 2-3.

5. The First Amended Complaint was also filed by Santos Law and the Muller Law Firm.

6. Upon information and belief,[1] the named Defendants in this case have not been served with either the Complaint or First Amended Complaint.

7. On March 17, 2025, the Court issued a Notice of intent to dismiss pursuant to FRCP 4(m), setting a deadline for Plaintiff to provide proof of service on or before April 16, 2025.

---

[1] By email dated March 17, 2025, undersigned counsel contacted Cory Santos, Esq. for the purpose of discussing "this matter," including whether any of the pleadings were served in this case.  That email was followed up by a telephone message left at Mr. Santos' office.  To date, undersigned counsel has not received any response from Mr. Santos.

8. Under FRCP 4(m), "the court must extend the time for service for an appropriate period" when "the plaintiff shows good cause."

9. Here, unretained counsel (Santos and Mueller) initiated this litigation without the knowledge or authorization of the Plaintiff.  ECF No. 9.

10. Because Plaintiff and retained counsel were caught off guard by the filing of pleadings in this case, there is good cause to extend the time for service of those pleadings.

11. Following the filing of the Complaint and First Amended Complaint, Plaintiff retained the Romanucci & Blandin law firm, as well as undersigned counsel, to represent her interests.

12. Since the filing of the Complaint, none of the named Defendants have filed an Answer or otherwise appeared in this litigation.

**ARGUMENT**

**I.    Good Cause Warrants Extending Plaintiff's Time To Serve The First Amended Complaint**

Under FRCP 4(m), a plaintiff has 90-days to serve a complaint.  However, the rule requires that a court *must* extend that deadline upon a showing of good cause.  To establish good cause, a plaintiff must show (1) excusable neglect, (2) the party to be served received actual notice of the suit, (3) the party to be served would suffer no prejudice and (4) plaintiff would suffer severe prejudice if the complaint were dismissed.  Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009).

In this case, three of the four factors militate in favor of Plaintiff.  First, litigation was initiated upon behalf of Plaintiff without her knowledge or authorization, a fact acknowledged (albeit indirectly) in Cory Santos's motion to withdraw.  ECF No. 9.  This by itself demonstrates excusable neglect on the part of Plaintiff as she cannot be held responsible for the failure to make timely service when she did not retain the attorneys that initiated this lawsuit

purporting to act on her behalf. With respect to the second factor, it is unclear whether Defendants received actual notice of this litigation. Although undersigned counsel sought to communicate with Mr. Santos to ascertain whether Defendants were served (or otherwise notified about this lawsuit), he has not responded to any inquiries. With respect to the third factor, Defendants will experience no prejudice should the Court extend the time for service since this motion is being filed only three days after the expiration of the 90-day deadline for service of the Complaint. Finally, the fourth factor weighs heavily in favor of Plaintiff as she will certainly be prejudiced if the Court dismisses this case because, doing so, may implicate statute of limitations issues limiting her ability to re-file her claims.

Under the good cause standard, there is ample basis, especially considering the highly unusual circumstances described in Mr. Santos' motion for leave to withdraw, for the Court to extend Plaintiff's time until May 2, 2025 to serve the First Amended Complaint.

**II.    Excusable Neglect Warrants Extending Plaintiff's Time To Serve The First Amended Complaint**

In the absence of good cause, a court may still extend time for service of a pleading by exercising its discretion upon a showing of excusable neglect. In determining excusable neglect, courts may consider the following factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay, (3) the reason for the delay and (4) whether the movant has acted in good faith. See Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, et. al., 507 U.S. 380, 395 (1993); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010). "[W]hat sorts of neglect will be considered 'excusable' . . . is at bottom an equitable [inquiry] taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395.

Here, all equitable factors favor providing Plaintiff an extension of time to serve the First Amended Complaint. As noted earlier, Defendants will experience no prejudice. The

4

length of the delay in this case is minimal considering the 90-day deadline expired only three days ago.  The reason for the delay is also justified given the confusion described in Mr. Santos's motion for leave to withdraw.  Finally, Plaintiff has acted diligently and in good faith upon discovering what transpired in this case.  Accordingly, the Court should exercise its discretion and extend Plaintiff's time to serve the First Amended Complaint to and until May 2, 2025.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant this Motion.

Respectfully submitted,

/s/ *Paul S. Padda*

Paul S. Padda, Esq.

*Attorney for Plaintiff*

Dated: March 20, 2025

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, the undersigned hereby certifies that on this day, March 20, 2025, a copy of the foregoing document was filed with the Court and a copy served upon all respective parties and their counsel through the Court's electronic filing system.

/s/ *Paul S. Padda*

Paul S. Padda, Esq.