PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
**-and-**
ANTONIO M. ROMANUCCI, ESQ. (Admitted PHV)
Email: aromanucci@rblaw.net
PATRICK DRISCOLL, ESQ. (Admitted PHV)
Email: pdriscoll@rblaw.net
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Tele: (312) 458-1000

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KRISTINA KERLUS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>DR. JENNIFER CORNEAL, in her individual capacity; A. SANTOS, in her individual capacity; CITY OF LAS VEGAS, a municipal corporation; COUNTY OF CLARK, a municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; jointly and severally,<br><br>Defendants. | Case No. 2:24-cv-02352<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF THE FIRST AMENDED COMPLAINT ON DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT**<br><br>**(SECOND REQUEST)** |

Pursuant to Federal Rules of Civil Procedure 4(m) and 15(a)(2), Plaintiff Kristina Kerlus, by and through undersigned counsel, respectfully requests that the Court extend her time (to and until May 23, 2025) to serve her First Amended Complaint, filed on December 19, 2024, on Defendant Las Vegas Metropolitan Police Department ("LVMPD"). For the reasons set forth in

1

this Motion, good cause and/or excusable neglect exists to support this request. This is Plaintiff's second request for an extension of time.

In support of this Motion, Plaintiff relies upon the Memorandum of Points and Authorities below, all papers on file in this civil action and any additional argument the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES
### BACKGROUND

1. Plaintiff's claims in this case arise from her malicious prosecution related to the death of her infant son in 2018. See ECF No. 1.

2. The initial Complaint in this case was filed on December 17, 2024 claiming, pursuant to 42 U.S.C. § 1983, violations of Plaintiff's rights pursuant to the Fourteenth Amendment of the United State Constitution to be afforded equal protection and due process, and the Fourth Amendment of the United States Constitution to be free from malicious prosecution by Defendant's Corneal and Santos. ECF No. 1.

3. The First Amended Complaint in this case was filed on December 19, 2024, asserting the same claims but adding additional parties. ECF No. 7.

4. The initial Complaint was filed by Santos Law and Muller Law Firm without the knowledge or authorization of Plaintiff. *See* ECF No. 9, pp. 2-3.

5. The First Amended Complaint was also filed by Santos Law and the Muller Law Firm.

6. Here, unretained counsel (Santos and Mueller) initiated this litigation without the knowledge or authorization of the Plaintiff. ECF No. 9.

7. Following the filing of the Complaint and First Amended Complaint, Plaintiff retained the Romanucci & Blandin law firm ("retained counsel"), as well as undersigned counsel, to represent her interests.

8. On March 17, 2025, the Court issued a Notice of intent to dismiss pursuant to FRCP 4(m), setting a deadline for Plaintiff to provide proof of service on or before April 16, 2025.

9. Retained counsel first appeared in this case and designated undersigned counsel as its local counsel on March 19, 2025.

10. Shortly after becoming associated as local counsel, undersigned counsel worked quickly to effect service on Defendants before the April 16, 2025 deadline.

11. Under FRCP 4(m), "the court must extend the time for service for an appropriate period" when "the plaintiff shows good cause."

12. Because Plaintiff and retained counsel were caught off guard by the filing of pleadings in this case, Plaintiff moved to extend the deadline for service of the Amended Complaint. ECF No. 20.

13. Due to the confusion regarding Plaintiff's representation at the beginning of this case, the Court found good cause to extend the time for service. ECF No. 38.

14. Unfortunately, in the rush to timely complete service before the court's initial deadline of April 16, 2025, undersigned counsel neglected to file a proposed summons for Defendant Las Vegas Metropolitan Police Department ("LVMPD"). Due to this oversight, Defendant LVMPD has not yet been served.

15. Now that undersigned counsel has been made aware of this oversight, undersigned counsel is working as quickly as possible to correct the error and has filed a summons for LVMPD. ECF No. 39.

16. On information and belief, Defendant LVMPD likely has actual notice of the First Amended Complaint, as service has been effected on Defendant Clark County and Defendant Santos, an LVMPD employee.

17. Since the filing of the Complaint, none of the named Defendants have filed an Answer or otherwise appeared in this litigation.

## ARGUMENT

**I.     Good Cause Warrants Extending Plaintiff's Time To Serve The First Amended Complaint on Defendant LVMPD.**

Under FRCP 4(m), a plaintiff has 90-days to serve a complaint, but the rule requires that a court must extend that deadline upon a showing of good cause. To establish good cause, a plaintiff must show (1) excusable neglect, (2) the party to be served received actual notice of the suit, (3) the party to be served would suffer no prejudice and (4) plaintiff would suffer severe prejudice if the complaint were dismissed. Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, the Court has previously found good cause to extend the time to for service, given the confusion regarding Plaintiff's representation at the beginning of the case. ECF No. 38. While undersigned counsel sincerely regrets its oversight in neglecting to file a proposed summons on Defendant LVPMD, that error should not alter the Court's prior finding of good cause. Each of the good cause factors still militate in favor of extending the time for service on LVMPD until May 23, 2025.

First, excusable neglect exists because it remains true that litigation was initiated on Plaintiff's behalf without her knowledge or authorization, a fact acknowledged (albeit indirectly) in Cory Santos's motion to withdraw. ECF No. 9. The confusion caused by prior counsel's initiation of litigation without Plaintiff's consent is what led to undersigned counsel's rush to complete service, which in turn led to its oversight in failing to file a proposed summons on Defendant LVMPD. This demonstrates excusable neglect on behalf of Plaintiff, as she cannot be held responsible for the failure to make timely service when she did not retain the attorneys that initiated this lawsuit purporting to act on her behalf, and it was not clear which firm was representing her interests until March 2025.[1] Thus, undersigned counsel respectfully requests the Court to hold that excusable neglect exists to further extend the time to serve Defendant LVMPD.

---

[1] Plaintiff notes that the confusion regarding which firm was representing her interests was not

As for the other good cause factors, each of them still weigh heavily in Plaintiff's favor, even accounting for the delay resulting from undersigned counsel's oversight.  With respect to the second factor, it is very likely that Defendant LVMPD has received actual notice of this litigation now that its employee, Defendant Santos, has been served with a copy of the First Amended Complaint, which names LVPMD as a Defendant.  Similarly, with respect to the third factor, Defendants will experience no prejudice should the Court extend the time for service.  This motion is being filed less than a month after the Court's initial deadline for service of the Complaint and before any Defendant has appeared or answered the complaint.  The incremental delay in Plaintiff's service on LVMPD will not impair its ability to defend the claims asserted against it in the action, especially given that it likely has received actual notice of the First Amended Complaint.  Moreover, Plaintiff is willing to make any scheduling accommodation necessary to account for its oversight in failing to accomplish service on LVMPD at the same time as the other Defendants.

Finally, the fourth factor weighs heavily in favor of Plaintiff as she will certainly be prejudiced if the Court dismisses this case, because doing so may implicate statute of limitations issues limiting her ability to re-file her claims against LVMPD.

Under the good cause standard, there is ample basis, especially considering the highly unusual circumstances described in Mr. Santos' motion for leave to withdraw, for the Court to extend Plaintiff's time to serve the First Amended Complaint on Defendant LVMPD until May 23, 2025.

---

fully resolved until March 19, 2025, when Plaintiff's retained counsel first appeared in the case. Plaintiff respectfully requests that the Court evaluate the timeliness of service based on that date, not the date on which the First Amended Complaint was filed.  Judged by the March 19, 2025 date, good cause clearly exists to extend the time for service on Defendant LVMPD to May 23, 2025.  *Cf.* FRCP 4(m) (granting 90 days to serve the complaint).

5

## II. Excusable Neglect Warrants Extending Plaintiff's Time To Serve The First Amended Complaint.

In the absence of good cause, a court may still extend time for service of a pleading by exercising its discretion upon a showing of excusable neglect. In determining excusable neglect, courts may consider the following factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay, (3) the reason for the delay and (4) whether the movant has acted in good faith. *See* Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, et. al., 507 U.S. 380, 395 (1993); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010). "[W]hat sorts of neglect will be considered 'excusable' . . . is at bottom an equitable [inquiry] taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395.

Here, all equitable factors weigh in favor of providing Plaintiff an incremental extension of time to serve the First Amended Complaint on Defendant LVMPD. As noted earlier, Defendant LVMPD will experience no prejudice as it likely has actual notice of the First Amended Complaint, and no defendant has yet answered the complaint. Undersigned counsel acknowledges that its mistake led to an incremental delay in service upon LVMPD, but the fact remains that the delay has been minimal and will not cause any prejudice to LVMPD. And as noted above, Plaintiff is willing to consent to any scheduling accommodation to account for the delayed service on LVMPD. The reason for the delay is also justified given the confusion described in Mr. Santos's motion for leave to withdraw. Undersigned counsel was working quickly to timely accomplish service prior to the Court's April 16, 2025 deadline, notwithstanding the confusion caused by prior counsel. In the rush to complete this effort, counsel neglected to file the proposed summons on LVMPD. Undersigned counsel sincerely regrets the error but respectfully submits that it is excusable considering the circumstances and should not be held against Plaintiff. Finally, Plaintiff has acted diligently and in good faith upon discovering its oversight in failing to file a proposed summons on LVMPD. Accordingly, the Court should

1 exercise its discretion and extend Plaintiff's time to serve the First Amended Complaint to and
2 until May 23, 2025.

Respectfully submitted,

PAUL PADDA LAW

*/s/ Paul S. Padda*_____
Paul S. Padda, Esq

Attorney for Plaintiff

Dated: May 12, 2025

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

7

**CERTIFICATE OF SERVICE**

    Pursuant to the Federal Rules of Civil Procedure, the undersigned hereby certifies that on this day, May 12, 2025, a copy of the foregoing document was filed with the Court and a copy served upon all respective parties and their counsel through the Court's electronic filing system.

                                                                              */s/ Nicole Moran*
                                                                              Nicole Moran
                                                                              Paralegal

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940