LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
TRAVIS C. STUDDARD
Nevada Bar No. 16454
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone:  (702) 792-7000
Fax:        (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
tstuddard@kcnvlaw.com
*Attorneys for Defendant Las Vegas*
*Metropolitan Police Department and Angie Santos*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KRISTINA KERLUS, individually,<br><br>                    Plaintiff,<br><br>vs.<br><br>DR. JENNIFER CORNEAL, in her individual capacity; A. SANTOS, in her individual capacity; CITY OF LAS VEGAS, a Municipal corporation; and COUNTY OF CLARK, a Municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, jointly and severally<br><br>                    Defendants. | Case No.:   2:24-cv-02352-APG-DJA<br><br>**LVMPD'S RESPONSE TO MOTION TO EXTEND TIME TO COMPLETE SERVICE**<br>**[ECF No. 40]** |

Defendant Las Vegas Metropolitan Police Department files this Response in opposition to

the Plaintiff's second Motion, (ECF No. 40), seeking an extension of time to complete service of

process on the Las Vegas Metropolitan Police Department.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The Las Vegas Metropolitan Police Department ("LVMPD") became a named defendant

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 1 of 10

in this case on December 19, 2024, through the First Amended Complaint.  But no attorney for Plaintiff Kristina Kerlus served LVMPD with process during the standard ninety-day timeframe as required by Federal Rule of Civil Procedure 4.

Rather, the first three months of this case consisted of law firms clarifying who represented Plaintiff, the Court's issuance of notice that no defendant had been served as of March 17, 2025, then later-appearing counsel for Plaintiff filing a Motion on March 20, 2025, asking for an extension of the ninety-day deadline to serve the First Amended Complaint on all defendants.

The Court granted an extension for service to May 2, 2025.  But Plaintiff's counsel still did not timely serve LVMPD.  So, Plaintiff now asks for a second extension of time to do so. Plaintiff's counsel cites an internal "oversight" as the reason for not serving LVMPD yet.

The Court should deny this second extension of time to serve LVMPD because Plaintiff's Motion does not satisfy the applicable "good cause" or "excusable neglect" standards.  The uncertainty at the start of this case about who acted as counsel for Plaintiff and the later "oversight" in serving LVMPD are unfortunate.  But, under Ninth Circuit case law, that delay cannot come at LVMPD's detriment—especially when, as here, LVMPD did not have any notice of this case until more than five years after the underlying conduct allegedly done by one of its employees.

Filed along with this Response is LVMPD's related Motion to Dismiss based, in part, on Plaintiff's untimely service attempt as to LVMPD.

## II.    BACKGROUND

This case began on apparently unauthorized grounds through a Complaint filed on December 17, 2024, without Plaintiff Kristina Kerlus's knowledge or consent. (Compl., ECF No. 1).  This initial Complaint named as defendants a detective ("A Santos") employed by the "Las Vegas Metropolitan Police Department," a pathologist (Dr. Corneal) employed by the Clark County Coroner's Office, Clark County, and the City of Las Vegas.  Santos Law, PLLC, and the

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.335

Page 2 of 10

1  Mueller Law Firm were listed as counsel of record for Plaintiff with this pleading.

2      A First Amended Complaint filed two days later—also apparently filed without Plaintiff's

3  consent—then added LVMPD as another defendant. (First. Am. Compl., ECF No. 7) (listing

4  Santos Law, PLLC, and the Mueller Law Firm as counsel of record).

5
6      **A.    The Court Receives a Letter Alerting It That Plaintiff Never Authorized the Filing of Her Complaint.**

7      Roughly two weeks after filing this lawsuit, another law firm—Romanucci & Blandin,

8  LLC—submitted a letter, (ECF No. 8), to the Court explaining that the Complaint was "done

9  without Ms. Kerlus's knowledge or consent" and without a signed attorney-client agreement. This

10  letter asked for the Court's guidance on how to withdraw the pleading but without prejudicing

11  Plaintiff Kristina Kerlus.

12      Magistrate Judge Nancy Koppe immediately issued a Minute Order, (ECF No. 8),

13  explaining that the letter was improperly filed because it needed to be "styled as a motion, not a

14  letter" and that the Court cannot give legal advice.

15
16      **B.    Two Months After Alerting the Court That the Complaint Was Not Filed with Plaintiff's Permission, the Law Firm That Filed the Complaint Withdraws from the Case.**

17      Although Magistrate Judge Koppe issued the January 10, 2025 Minute Order discussing

18  their letter asking for advice, no attorneys representing Plaintiff took any action in the case.

19      It was not until two months later—on March 13, 2025—that the Santos Law, PLLC and

20  the Mueller Law Firm moved to withdraw from the case. Four days afterward, Paul Padda Law,

21  PLLC appeared as counsel for Plaintiff. (Not. Appearance, ECF No. 13).

22
23      **C.    Plaintiff Files Her First Request for an Extension of Time to Serve the Defendants.**

24      Ninety-one days after filing the First Amended Complaint, Plaintiff filed a Motion seeking

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 3 of 10

1    an extension of time to serve the named defendants. (Mot. Extend, ECF No. 20).  But, before the

2    Court granted that Motion, Plaintiff served the named defendants Clark County, Jennifer Corneal,

3    and "A. Santos" in Texas. (Summonses Returned Executed, ECF Nos. 31–33).

4         However, Plaintiff did not serve LVMPD.  The Court noted this lack of service on May 8,

5    2025, when granting Plaintiff's Motion and considering service timely as to the other defendants.

6    (Min. Order, ECF No. 38) ("The Court notes, however, that Plaintiff has not filed any proof of

7    service on the docket for Las Vegas Metropolitan Police Department.").

8         **D.    Plaintiff Files a Second Request for an Extension of Time to Serve LVMPD.**

9         On May 12, 2025, Plaintiff filed a second Motion seeking another extension of time to

10   serve LVMPD with process.  The pending Motion states that the previous lack of service as to

11   LVMPD occurred because of an "oversight" after "the rush to timely complete service before the

12   court's initial deadline of April 16, 2025." (Sec. Mot. Extend, ECF No. 40).

13        Despite not having the Court's approval to serve LVMPD past the already-expired

14   deadline, Plaintiff provided LVMPD with the First Amended Complaint and summons on May 14,

15   2025. (Summons Returned Executed, ECF No. 42).

16   **III.    ARGUMENT**

17        Federal Rule of Civil Procedure 4(m) imposes a ninety-day window for a plaintiff to serve

18   a complaint and summons on named defendants.  That ninety-day period begins for each defendant

19   on the date that the clerk of court receives the complaint naming that defendant, unless the time

20   for service is extended by court order. *See* Fed. R. Civ. P. 4(m) (imposing a ninety-day period for

21   service of the complaint); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint

22   with the court"); *Escobedo v. Applebees*, 787 F.3d 1226, 1232 (9th Cir. 2015) (explaining that the

23   "filing" of a complaint means the date on which the pleading is delivered to the clerk's office).

24        A party can, however, earn an extension of that ninety-day period by filing a motion

establishing "good cause" for the delay. *See* Fed. R. Civ. P. 4(m).  If good cause does not exist, the court "may" exercise its discretion to still extend the deadline if "excusable neglect" exists. *See, e.g.*, *Williams v. Cty. of L.A.*, No. 23-55155, 2024 U.S. App. LEXIS 13767, at *2 (9th Cir. June 6, 2024).  This excusable neglect standard considers (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

If the plaintiff fails to comply with the applicable deadline to complete service and does not show good cause or excusable neglect, Rule 4 authorizes dismissal of the unserved party. Fed. R. Civ. P. 4(m).

> **1.   *Plaintiff's Motion Does Not Satisfy the Good Cause Standard Because She Asserts Oversight by Counsel as the Reason for Untimely Service as to LVMPD.***

Here, Plaintiff's initial deadline to serve LVMPD with process was March 19, 2025.  This deadline is ninety days after Plaintiff's filing of her First Amended Complaint on December 19, 2024.  Undisputedly, Plaintiff did not serve LVMPD with process by that deadline.

Good cause does not support Plaintiff's pending request for a second extension of this deadline.  This Court—as well as the Ninth Circuit—consistently explain that "[a] showing of good cause requires more than inadvertence or mistake of counsel." *Coshow v. Konami Gaming*, No. 2:16-cv-02383-APG-VCF, 2017 U.S. Dist. LEXIS 29657, at *2 (D. Nev. Mar. 1, 2017); *Even v. Hebel*, No. 24-3726, 2025 U.S. App. LEXIS 11803, at *3 (9th Cir. May 15, 2025) ("Failure by counsel to promptly litigate a case and adhere to deadlines does not constitute good cause.").

Only the mistake by Plaintiff's counsel supports the request for a second extension of time. Her Motion states that the past missed deadlines to complete service against LVMPD occurred because of an "oversight" by counsel in the "rush to timely complete service" of other defendants.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.335

Page 5 of 10

(Sec. Mot. Extend 3:15–18, ECF No. 40).

Because that justification cannot support an extension of the deadline to complete service, the Court should deny Plaintiff's Motion in full. *Wei v. State of Hawaii*, 763 F.2d 370, 371–72 (9th Cir. 1985) (per curiam) (finding no good cause for an extension when counsel failed to calendar the 120-day service deadline).[1]

### 2. *Plaintiff's Motion Does Not Satisfy the Excusable Neglect Standard Because Her Failure to Timely Serve LVMPD Arises After What Courts Consider Unreasonable Delay.*

Plaintiff's Motion does not satisfy the "excusable neglect" standard, either.  The factors that make up this standard weigh in favor of denying Plaintiff's Motion because of the extensive passage of time before serving LVMPD and the inherent prejudice LVMPD will suffer.

The Court issued a notice on March 17, 2025, informing all counsel that service had not occurred for any defendants. (Notice, ECF No. 12).  But, even after being aware of that notice, and even after seeking an extension of time to serve all defendants, Plaintiff still did not timely serve LVMPD. (*Id.*); (Min. Order, ECF No. 38) (noting that Plaintiff "has not filed any proof of service on the docket for Las Vegas Metropolitan Police Department").  This circumstance—of failing to timely serve LVMPD despite an earlier court warning, alongside already having additional time to complete service without doing so—does not satisfy the "excusable neglect" standard to overlook the over 140 days that already went by since the First Amended Complaint's filing date. *Cf. Bouari v. United States*, No. 2:21-cv-01974-APG-DJA, 2022 U.S. Dist. LEXIS 202128, at *3 (D. Nev. Nov. 7, 2022) (denying a request to extend time to complete service by discussing how the court already gave additional time to complete service without the plaintiff timely doing so).

In fact, this circumstance falls within the range of "unreasonable delay" based on Nevada

---

[1]  The Federal Rules of Civil Procedure previously imposed a 120-day deadline to complete service.  The current Rule imposes a ninety-day deadline.

and Ninth Circuit precedent, because Plaintiff waited until the final day of the two-year statutory limitations period to file this case against LVMPD[2], did not timely serve LVMPD within the initial deadline, then did not serve LVMPD within the extended time to do so, either. *Moroney v. Young*, 520 P.3d 358, 362 (Nev. 2022) (holding that the record supported a finding that the plaintiff "unreasonably delayed his service attempt" when noting that the plaintiff "waited until the last day of the statute-of-limitations period to file suit and then waited until the service deadline to file his motion to extend the service period"); *Even*, No. 24-3726, 2025 U.S. App. LEXIS 11803, at *3 (citing *Moroney* when affirming the district court's denial of an extension of time to serve a defendant).

This delay is especially damaging to LVMPD when considering how long ago the underlying conduct at issue in this case occurred. As to LVMPD, the underlying conduct concerns Defendant Santos's investigation resulting in Plaintiff's arrest on July 26, 2019—more than five years before Plaintiff filed this case. Plaintiff's delay in serving LVMPD only adds to that passage of time.

This extreme passage of time inherently prejudices LVMPD's defenses due to fading memories that will impact testimony and difficulty in locating all relevant documentary evidence. *Whitfield v. Nevada State Pers.*, No. 3:20-cv-00637-MMD-WGC, 2022 WL 171138, at *7 (D. Nev. Jan. 18, 2022) ("With the passage of time, memories will likely fade, evidence may become stale, and witnesses may be harder to locate." (citing *Lovelady v. Las Vegas Metro. Police Dep't*, 649 F. App'x 358, 359 (9th Cir. 2016)). Case law does not require LVMPD to now list all the

---

[2]  A two-year statutory limitations period governs Plaintiff's claims as to LVMPD. *Sternberg v. Warneck*, No. 2:23-cv-01466-APG-EJY, 2024 U.S. Dist. LEXIS 207457, at *20 (D. Nev. Nov. 14, 2024). If the Court considers this two-year limitations period as beginning when Plaintiff's criminal charges were dismissed on December 19, 2022, rather than when her initial arrest occurred on July 26, 2019, then this limitations period expired on the day she filed her First Amended Complaint, (ECF No. 7).

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.335

Page 7 of 10

ways that prejudice will arise if this case proceeds against it despite this large passage of time. Instead, case law recognizes how the harm to LVMPD's defenses is an inescapable reality for this lawsuit, which the Court can recognize in its current analysis. *Id.*; *see also Cepero v. Las Vegas Metro. Police Dep't*, No. 2:11-cv-01421-JAD-GWF, 2018 WL 5043775, at *8 (D. Nev. Oct. 16, 2018), *report and recommendation adopted*, No. 2:11-cv-01421-JAD-GWF, 2018 WL 5726176 (D. Nev. Oct. 31, 2018) ("A plaintiff's right to have his or her claim heard on the merits despite technical difficulties, however, must be balanced against a defendant's right to be protected from stale claims and the attendant uncertainty they cause.").

Plaintiff's Motion makes the unsupported argument that LVMPD will not be prejudiced by the delay in service because it "likely has actual notice of the First Amended Complaint" based on Plaintiff serving an LVMPD employee on April 8, 2025. (Summons Returned Executed, ECF No. 33). But, as Plaintiff stated in her first Motion to extend the service deadline, there is no support for the position that LVMPD received actual notice of this case or notice of Plaintiff's intent to file it until after the initial service deadline already expired. (Mot. Extend 2:6–28, ECF No. 20) (declaring that "[u]pon information and belief, the named Defendants in this case have not been served with either the Complaint or First Amended Complaint" as of March 20, 2025). And, the April 8, 2025 service on "A. Santos" occurred to her in Texas, not to LVMPD at its headquarters or associated addresses. (*Id.*).

Moreover, even when taking Plaintiff's position as true, LVMPD did not receive notice of this case until five years and eight months had already gone by since the underlying conduct by LVMPD employees allegedly at issue in this case. The extensive delay weighs heavily against Plaintiff receiving another extension of time to serve LVMPD.

**IV.    CONCLUSION**

For the reasons stated in this Response, the Court should deny Plaintiff's Motion. She

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 8 of 10

1  establishes neither good cause nor excusable neglect to earn a second extension of time to serve

2  LVMPD with process under FRCP 4.

3       The extreme passage of time from the underlying conduct—paired with the filing of this

4  lawsuit on the last day of the two-year limitations period followed by the delay in serving LVMPD

5  due to oversight by Plaintiff's counsel—supports dismissal of LVMPD at this stage.

6       DATED this 27th day of May, 2025.

7                    KAEMPFER CROWELL

8

9              By:    /s/ Lyssa S. Anderson
                      LYSSA S. ANDERSON (Nevada Bar No. 5781)
                      KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
10                    TRAVIS C. STUDDARD (Nevada Bar No. 16454)
                      1980 Festival Plaza Drive, Suite 650
11                    Las Vegas, Nevada  89135
                      **Attorneys for LVMPD Defendants**

12

13

14

15

16

17

18

19

20

21

22

23

24

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.335

Page 9 of 10

## CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **LVMPD'S RESPONSE TO MOTION TO EXTEND TIME TO COMPLETE SERVICE [ECF No. 40]** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

Antonio M. Romanucci
Patrick Driscoll
ROMANUCCI & BLANDIN
321 North Clark St., Ste. 900
Chicago, IL 60654
Phone: 312−458−1000
Fax: 312−458−1004
aromanucci@rblaw.net
patrickdriscoll7@gmail.com

*Attorneys for Plaintiff*

Robert W. Freeman
Frank A. Toddre, II
E. Matthew Freeman
LEWIS BRISBOIS BISGAARD & SMITH
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada  89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
Robert.Freeman@lewisbrisbois.com
Frank.Toddre@lewisbrisbois.com
Matt.Freeman@lewisbrisbois.com

*Attorneys for Defendants*
*Dr. Jennifer Corneal and County of Clark*

Paul S. Padda
Ravi Chanderraj
PAUL PADDA LAW
4560 South Decatur Blvd., Ste. 300
Las Vegas, NV 89103
Phone: (702) 366−1888
Fax: 702−366−1940
Email: psp@paulpaddalaw.com
Email: rchanderraj@paulpaddalaw.com

*Attorneys for Plaintiff*

Wolfgang Mueller
MUELLE LAW FIRM
41850 W. 11 Mile Rd., Ste 101
Novi, MI 48375
Phone: 248−459−9653
Fax: 248−347−6630
wolf@wolfmuelleraw.com

*Attorneys for Plaintiff*

*(Via U.S. Mail)*

DATED this 27th day of May, 2025.

/s/
an employee of Kaempfer Crowell

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.335

Page 10 of 10