LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
TRAVIS C. STUDDARD
Nevada Bar No. 16454
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:             (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
tstuddard@kcnvlaw.com

*Attorneys for Defendant*
*Angie Santos and the Las Vegas*
*Metropolitan Police Department*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KRISTINA KERLUS, individually,<br><br>Plaintiff,<br><br>vs.<br><br>DR. JENNIFER CORNEAL, in her individual capacity; A. SANTOS, in her individual capacity; CITY OF LAS VEGAS, a Municipal corporation; and COUNTY OF CLARK, a Municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, jointly and severally<br><br>Defendants. | Case No.:   2:24-cv-02352-APG-DJA<br><br>**DEFENDANT LVMPD'S MOTION TO DISMISS** |

Defendant Las Vegas Metropolitan Police Department ("LVMPD") moves under Federal Rule of Civil Procedure 12(b)(5) for dismissal based on failure to timely serve LVMPD with process.

Alternatively, LVMPD moves under FRCP 12(b)(6) for dismissal of Plaintiff Kristina

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.335

Page 1 of 12

Kerlus's "Count VI" and "Count VII" in the First Amended Complaint against LVMPD.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

**Motion to Dismiss under FRCP 12(b)(5)**: Plaintiff filed this lawsuit against several defendants, including LVMPD, as listed in the First Amended Complaint. But she did not serve LVMPD with a summons and copy of her pleading until May 14, 2025—well beyond the required ninety-day service of process deadline imposed by Federal Rule of Civil Procedure 4 and after the Court's first given extension of time to complete service expired.

She has not shown good cause or excusable neglect to support a second extension of the deadline to complete service against LVMPD. As a result, Rule 4 authorizes the Court to dismiss LVMPD based on Plaintiff's failure to timely complete service of process.

**Motion to Dismiss under FRCP 12(b)(6)**: If the Court does not dismiss LVMPD based on untimely service under FRCP 4, the Court should dismiss LVMPD with prejudice as to Plaintiff's "Count VII" for malicious prosecution under Nevada state law. The Court should also dismiss Plaintiff's "Count VI" brought under federal law directly against LVMPD.

The Court should dismiss Count VII with prejudice as to LVMPD because of Nevada Revised Statute 41.036. NRS 41.036 required Plaintiff to provide LVMPD with notice of this claim within two years of the claim's accrual date. This claim accrued on December 19, 2022 (at the latest) when all criminal charges against her were dismissed. But she did not provide LVMPD with notice of her intent to bring civil claims against LVMPD until 2025. Accordingly, NRS 41.036 bars this claim as a matter of law.

Further, the Court should dismiss Count VI against LVMPD because her supporting allegations consist of only conclusory, generalized statements that do not plausibly establish this federal cause of action.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 2 of 12

## II. BACKGROUND

LVMPD is concurrently filing a Response to Plaintiff's Motion, (ECF No. 40), seeking a second extension of time to serve LVMPD with process. LVMPD's Response includes a Background section discussing the relevant history of this case. Rather than unnecessarily repeat content, and for easier review by the Court, LVMPD incorporates that Background into this Motion to Dismiss.

## III. ARGUMENT

### A. The Court Should Dismiss LVMPD Because Plaintiff Did Not Timely Serve LVMPD with Process and Plaintiff Does Not Establish Good Cause or Excusable Neglect to Earn Another Extension of Time to Complete Service.

Alongside this Motion to Dismiss, LVMPD filed its Response opposing Plaintiff's request for a second extension of time to serve LVMPD with process. LVMPD's Response addresses how Plaintiff did not timely serve LVMPD and has not satisfied the applicable standards of good cause or excusable neglect to receive another extension of time to do so. In accord with FRCP 4(m), the Court should dismiss LVMPD, not just quash Plaintiff's untimely and unpermitted service attempt dated May 14, 2025. (Summons Returned Executed, ECF No, 42) (noting an attempt to serve LVMPD on May 14, 2025); *see Williams v. Bellagio Hotel & Casino*, 728 F. Supp. 3d 1166, 1169 (D. Nev. 2024) ("If a plaintiff is unable to satisfy her burden of establishing that service was valid, the court has the discretion to either dismiss the action or retain it and quash service.").

### B. Nevada Revised Statute 41.036 Bars Plaintiff's Count VII from Proceeding against LVMPD Because Plaintiff Did Not Notify LVMPD of Her Intent to Bring This Claim Within Two Years of the Claim's Accrual Date.

If the Court does not dismiss LVMPD based on insufficient service of process, the Court should dismiss LVMPD from Plaintiff's First Amended Complaint under FRCP 12(b)(6) because her two claims against LVMPD fail at this stage.

The first basis for dismissal under FRCP 12(b)(6) concerns Plaintiff's Count VII. The label

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 3 of 12

to Count VII names "Dr. Corneal" (a Clark County employee) and "Santos" (an LVMPD employee). However, this claim necessarily proceeds against LVMPD because Plaintiff seeks "respondeat superior" liability against LVMPD for all state law torts committed by its employees (i.e. Defendant Santos).

To proceed with this Nevada state law cause of action against LVMPD, Plaintiff had to first comply with Nevada Revised Statute 41.036. *Guillory v. Las Vegas Metro. Police Dep't*, No. 2:23-CV-2010 JCM (BNW), 2025 U.S. Dist. LEXIS 43590, at *8 (D. Nev. Mar. 10, 2025). NRS 41.036 required Plaintiff to provide LVMPD's "governing body" with notice of her intent to pursue a civil claim against it. Nev. Rev. Stat. 41.036(2). This statute mandated a specific time to accomplish the mandatory notice: within two years of her claim's accrual date. *Id.*

Here, Plaintiff did not comply with NRS 41.036. Count VII arguably accrued at the latest on December 19, 2022, when all criminal charges against her were dismissed. But she did not provide LVMPD with any notice of her intent to bring a claim against it until more than two years later—when eventually delivering a copy of her First Amended Complaint and summons to LVMPD on May 14, 2025. **Ex. A**, Decl. Marleen Srok (declaring that LVMPD did not receive any written correspondence from Plaintiff or her counsel within two years after December 19, 2022, to notify LVMPD of Plaintiff's intent to assert civil claims against it).

NRS 41.036 therefore bars Plaintiff's "Count VII" from proceeding against LVMPD as a matter of law. *See White v. Leavitt*, No. 2:18-cv-00008-JAD-BNW, 2023 U.S. Dist. LEXIS 16728, at *4 (D. Nev. Feb. 1, 2023).

C. **Plaintiff's First Amended Complaint Does Not Plausibly Allege a *Monell* Claim against LVMPD Because the Supporting Allegations Amount to Only Conclusory Statements.**

The next basis for dismissal under FRCP 12(b)(6) concerns Plaintiff's "*Monell*" claim against LVMPD in "Count VI." (First Am. Compl. ¶¶ 96–105, ECF No. 7). This claim proceeds

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 4 of 12

directly against LVMPD under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

This is a "difficult" type of claim to bring, because it cannot proceed against LVMPD "*solely* because [LVMPD] employs a tortfeasor." *Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024); *Monell*, 436 U.S. at 691 (explaining that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory") (emphasis in original). Rather, the essential requirement with Plaintiff's *Monell* claim is that her allegations must plausibly show how LVMPD had *policies, customs, or procedures* that caused the at-issue violation of her constitutional rights.

Stated differently, Plaintiff's allegations must plausibly show not only an unconstitutional "policy or custom" within LVMPD itself but also a "direct causal link" between that specific policy or custom and unlawful actions by officer(s) involved with Plaintiff. *Id.* at 824 (explaining that liability "based on a *Monell* theory of liability is difficult," and a municipality can be liable only "when its own customs or policies cause a constitutional tort").

Three elements make up a *Monell* legal theory as to LVMPD: (1) an LVMPD official violated Plaintiff's constitutional rights; (2) LVMPD had unconstitutional customs or policies; (3) these customs or policies were the "moving force" behind the acting official's violation of Plaintiff's constitutional rights. *Lockett v. Cty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020)[1]; *Cadeaux v. Las Vegas Metro. Police Dep't*, 646 F. Supp. 3d 1312, 1327 (D. Nev. 2022) (emphasis added).

With the third element in the context of a non-life-threatening decision, a policy or

---

[1] *Lockett* lists four elements to a *Monell* claim: "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to Lockett's constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020). The three-element test identified in this Motion consolidates the second and third elements from *Lockett*. This consolidation more easily shows how the core focus of a *Monell* claim is that the alleged violation of the plaintiff's constitutional rights must have been because of already-in-place unconstitutional policies, customs, or procedures within the municipality (here, LVMPD).

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 5 of 12

procedure can only be the "moving force" behind LVMPD officers' actions if the policy or procedure was already in place when Plaintiff's alleged injury (her arrest) occurred. Courts in the Ninth Circuit recognize that it is illogical and legally erroneous to use a plaintiff's lone incident to believe that an entire municipality had unconstitutional policies or procedures that guided the acting officials' misconduct. *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1155 (9th Cir. 2021) ("Where, as here, the County employees are not making life-threatening decisions, and because micromanaging of municipal policies should be avoided, the single incident exception is inapplicable.") (internal quotation omitted).

In terms of showing "customs," "policies," or "procedures," there are four ways to do so: (a) identifying an official written policy that, on its face, compels unconstitutional conduct; (b) showing that there are widespread unconstitutional practices similar to what Plaintiff allegedly suffered, which constitute "a pervasive custom or practice" within LVMPD; (c) identifying specific ways that LVMPD failed "to train, supervise, or discipline" its officers on constitutional conduct; or (d) identifying a "decision or act by a final policymaker" of LVMPD to violate the Constitution. *E.g. White v. Flathead Cnty.*, 680 F. Supp. 3d 1211, 1215 (D. Mont. 2023). For purposes of the last method, the "final policymaker" for LVMPD is its Sheriff. *Hill v. Las Vegas Metro. Police Dep't*, 197 F. Supp. 3d 1226, 1234 (D. Nev. 2016), *aff'd*, 705 F. App'x 616 (9th Cir. 2017).

Here, Plaintiff's proposed First Amended Complaint uses only conclusory allegations alongside broad legal standards in an attempt to support the *Monell* claim against LVMPD. Courts in this District have consistently rejected such a conclusory effort by dismissing the claim.

      **1.** ***Plaintiff's Allegations Do Not Allege Unconstitutional Written Policies or Procedures.***

Plaintiff's First Amended Complaint does not allege that LVMPD had an official, written

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 6 of 12

1  policy mandating that officers commit the allegedly unconstitutional conduct against Plaintiff.
2  Accordingly, this theory of a *Monell* claim is not at issue in this case.

3  Her *Monell* theories appear to be about ratification of unconstitutional conduct by LVMPD
4  policymakers, inadequate training causing the allegedly unconstitutional conduct, or widespread
5  unconstitutional practices that were the moving force for the allegedly unconstitutional conduct
6  against Plaintiff. As discussed below, she does not plausibly allege any of these theories.

### 2. Plaintiff's Allegations Do Not Plausibly Show Ratification of Unconstitutional Conduct.

9  Plaintiff cannot plausibly allege a *Monell* theory of ratification by using just broad
10 statements that LVMPD did not take disciplinary or supervisory action against its officers. But,
11 here, that is all Plaintiff's First Amended Complaint presents. It therefore fails to plausibly allege
12 this theory. *Victory v. Henderson, NA. P.D.*, No. 2:23-cv-02086-CDS-NJK, 2024 U.S. Dist. LEXIS
13 156454, at *4-5 (D. Nev. Aug. 29, 2024) ("[A]lthough the second amended complaint includes
14 unelaborated assertions that the investigation was 'inadequate,' and not 'proper[],' such 'labels
15 and conclusions' fail to allege that the investigation conducted suffices as a ratification of any
16 alleged wrongdoing by the police officers").

17 As the Ninth Circuit has stated, "[t]o hold cities liable under section 1983 whenever
18 policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply
19 smuggle *respondeat superior* liability into section 1983." *Weisbuch v. Cnty. of Los Angeles*, 119
20 F.3d 778, 781–82 (9th Cir. 1997) (citation and internal quotation marks omitted); *accord Gillette
21 v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992). The Ninth Circuit therefore requires "something
22 more" than a mere failure to reprimand at-issue conduct after an incident. *E.g. Kanae v. Hodson*,
23 294 F. Supp. 2d 1179, 1189 (D. Haw. 2003); *Cole v. Doe 1 thru 2 Officers of City of Emeryville
24 Police Dept.*, 387 F. Supp. 2d 1084, 1099-1101 (N.D. Cal. 2005) (concluding that ratification

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 7 of 12

cannot be established through "deliberate indifference towards a single after-the-fact investigation"). Plaintiff's First Amended Complaint does not contain that "something more" to support a ratification theory at the pleadings stage.

### 3. *Plaintiff's Allegations Do Not Plausibly Show Unconstitutional Training of Officers.*

Next, Plaintiff's allegations reference LVMPD failing to "adequately train" officers. This type of a *Monell* claim about training "usually requires" a plaintiff to show "[a] pattern of similar constitutional violations by untrained employees." *Martinez v. L.A. Police Dep't*, No. 22-15509, 2024 U.S. App. LEXIS 18354, at *2 (9th Cir. July 25, 2024).

In other words, Plaintiff cannot create a plausible *Monell* claim merely by mentioning her own arrest and broadly stating that the alleged misconduct during arrest came from a deficient training program within LVMPD. Rather, there must be allegations that plausibly establish how LVMPD had prior notice that officers were previously violating citizens' rights and, thus, additional training was required to avoid that result in recurring situations but was not implemented. *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021) ("[T]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program.").

Here, Plaintiff does not allege any prior instances before her own arrest where officers drafted arrest warrants with knowingly false information and, despite that recurring behavior, LVMPD failing to implement necessary training practices to prevent future violations. Plaintiff's First Amended Complaint contains only conclusory allegations stating that LVMPD employed a deficient training program. That effort is not enough to state a plausible claim. *Williams v. Las Vegas Metro. Police Dep't*, No. 2:16-cv-3020-APG-VCF, 2019 U.S. Dist. LEXIS 12878, at *14

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 8 of 12

(D. Nev. Jan. 25, 2019) ("[M]erely alleging that the existing training program is inadequate for a class of employees, such as police officers, is not sufficient to state a claim").

Moreover, Plaintiff may be trying to rest her *Monell* claim on the theory that LVMPD outright failed to train officers to not make deliberately false statements in an arrest warrant or police report that will be used by prosecutors and judges. (First Am. Compl. ¶ 98, ECF No. 7). When considering *Flores v. Cty. of L.A.*, 758 F.3d 1154 (9th Cir. 2014), and later precedent, this theory fails as a matter of law because a *Monell* claim is not viable by simply alleging that a city failed to train officers to not engage in clearly illegal action.

In *Flores*, the court considered a *Monell* claim alleging inadequate training due to the "absence of language in the Sheriff's Department Manual that would instruct deputies not to sexually harass or sexually attack women with whom they come into contact." *Id.* at 1160. The court rejected this theory because the law does not require a municipal organization to have a written policy or training program instructing officers to not perform obviously illegal conduct. *Id.* ("Where the proper response . . . is obvious to all without training or supervision, then the failure to train or supervise is generally not 'so likely' to produce a wrong decision as to support an inference of deliberate indifference by city policymakers to the need to train or supervise.").

Because every officer would inherently know not to perform obviously illegal actions of sexually harassing women, the court held that a *Monell* claim cannot exist merely because an agency did not have a policy or manual explicitly saying so. *Id.* This result matches precedent logically explaining that a law enforcement agency cannot realistically have a policy expressly prohibiting every type of conduct that might happen. *See, e.g.*, *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) ("No government has, or could have, policies about virtually everything that might happen.").

Here, it is inherently obvious to all citizens—and certainly law enforcement officers—that

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 9 of 12

it violates the law to submit false statements to a court in order to secure an arrest. Accordingly, Plaintiff cannot support her *Monell* claim against LVMPD based on a broad statement that LVMPD did not have a policy expressly training officers to not commit perjury when performing their duties of seeking arrests. Dismissal is particularly correct here because her allegations do not identify any prior incidents of such misconduct by officers that would have warranted a policy expressly instructing officers not to engage in such obviously unlawful conduct.

    **4.    *Plaintiff's Allegations Do Not Plausibly Show Widespread Unconstitutional Practices within LVMPD Similar to What Plaintiff Allegedly Suffered.***

Finally, Plaintiff's *Monell* claim appears to invoke a theory of widespread unconstitutional conduct like what she allegedly experienced. To plausibly allege this theory, the allegations must show "persistent and widespread" unconstitutional practices by LVMPD officials "similar" to what Plaintiff suffered. *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1142 (9th Cir. 2020) ("Alternatively, if the policy is not obviously, facially deficient, a plaintiff must ordinarily point to a pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice.").

This type of *Monell* theory is actionable only if Plaintiff's allegations identify enough prior incidents of unconstitutional action that the Court can plausibly view such conduct as so "persistent and widespread" that it constituted a "permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). In other words, the unconstitutional conduct must have occurred for a "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

Here, Plaintiff does not identify or discuss any prior incident where other persons suffered allegedly unconstitutional practices by LVMPD officers similar to what allegedly occurred to her. For that reason, she has not plausibly alleged a *Monell* claim under the theory that LVMPD

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 10 of 12

officials operated under a "de facto" custom or policy of unlawful fabrication of statements in a warrant to support arrests. Her conclusory allegations mentioning the words "custom" and "policy" are not enough to proceed with a *Monell* claim at this stage. *O'Neal v. Las Vegas Metro. Police Dep't*, No. 2:17-cv-02765-APG-GWF, 2018 U.S. Dist. LEXIS 145237, at *12-13 (D. Nev. Aug. 27, 2018) (characterizing as conclusory the plaintiffs allegations that LVMPD has policies to "tolerate and allow the unlawful arrests of citizens," to "tolerate unreasonable search and seizure," to "tolerate the unlawful theft of citizens['] money and property," and to "tolerate cruel and unusual punishment including the denial of medical attention.").[2]

## IV. CONCLUSION

For the reasons stated above, the Court should dismiss LVMPD from this case in full because Plaintiff did not timely serve LVMPD with process. Additionally, the Court should dismiss the claims asserted against LVMPD because Nevada law bars Plaintiff's "Count VII" as a matter of law and Plaintiff's allegations do not plausibly support "Count VI."

DATED this 27th day of May, 2025.

                         KAEMPFER CROWELL
                         By:   /s/ Lyssa S. Anderson
                                 LYSSA S. ANDERSON (Nevada Bar No. 5781)
                                 KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
                                 TRAVIS C. STUDDARD (Nevada Bar No. 16454)
                                 1980 Festival Plaza Drive, Suite 650
                                 Las Vegas, Nevada  89135
                                 **Attorneys for Defendants Angie Santos and the Las Vegas Metropolitan Police Department**

                                 **Index of Exhibits**
                            **Ex. A** - Declaration of Marleen Srok

---

[2] *See also Guarino v. Las Vegas Metro. Police Dep't*, No. 2:13-cv-02135-GMN-NJK, 2014 WL 12791070, at *4 (D. Nev. July 21, 2014); *Anderson v. L.V. Metro. Police Dep't*, No. 2:24-cv-01162-APG-DJA, 2025 U.S. Dist. LEXIS 20506, at *28 (D. Nev. Feb. 4, 2025) ("To the extent Anderson is relying on her own alleged experiences to support her claim, a single incident is insufficient to show a widespread custom or practice.").

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.335

Page 11 of 12

# CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **DEFENDANT LVMPD'S MOTION TO DISMISS** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

| | |
|---|---|
| Antonio M. Romanucci<br>Patrick Driscoll<br>ROMANUCCI & BLANDIN<br>321 North Clark St., Ste. 900<br>Chicago, IL 60654<br>Phone: 312−458−1000<br>Fax: 312−458−1004<br>aromanucci@rblaw.net<br>patrickdriscoll7@gmail.com<br><br>***Attorneys for Plaintiff*** | Robert W. Freeman<br>Frank A. Toddre, II<br>E. Matthew Freeman<br>LEWIS BRISBOIS BISGAARD & SMITH<br>6385 S. Rainbow Blvd., Ste. 600<br>Las Vegas, Nevada 89118<br>Telephone: 702.893.3383<br>Facsimile: 702.893.3789<br>Robert.Freeman@lewisbrisbois.com<br>Frank.Toddre@lewisbrisbois.com<br>Matt.Freeman@lewisbrisbois.com<br><br>***Attorneys for Defendants***<br>***Dr. Jennifer Corneal and County of Clark*** |
| Paul S. Padda<br>Ravi Chanderraj<br>PAUL PADDA LAW<br>4560 South Decatur Blvd., Ste. 300<br>Las Vegas, NV 89103<br>Phone: (702) 366−1888<br>Fax: 702−366−1940<br>Email: psp@paulpaddalaw.com<br>Email: rchanderraj@paulpaddalaw.com<br><br>***Attorneys for Plaintiff*** | Wolfgang Mueller<br>MUELLER LAW FIRM<br>41850 W. 11 Mile Rd., Ste 101<br>Novi, MI 48375<br>Phone: 248−459−9653<br>Fax: 248−347−6630<br>wolf@wolfmuelleraw.com<br><br>***Attorneys for Plaintiff***<br><br>*(Via U.S. Mail)* |

DATED this 27th day of May, 2025.

/s/ _____
an employee of Kaempfer Crowell

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 12 of 12