ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
E. MATTHEW FREEMAN
Nevada Bar No. 14198
Matt.Freeman@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendants*
*Dr. Jennifer Corneal and County of Clark*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| KRISTINA KERLUS, individually, | CASE NO. 2:24-cv-02352-APG-DJA |
| Plaintiffs, | **DEFENDANTS DR. JENNIFER CORNEAL AND COUNTY OF CLARK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| DR. JENNIFER CORNEAL, in her individual capacity; A. SANTOS, in her individual capacity; CITY OF LAS VEGAS, a Municipal corporation; and COUNTY OF CLARK, a Municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, jointly and severally, | |
| Defendants. | |

COME NOW Defendants DR. JENNIFER CORNEAL and the COUNTY OF CLARK ("Clark County Defendants"), by and through their counsel, Robert W. Freeman, Esq., and E. Matthew Freeman, Esq., of LEWIS BRISBOIS BISGAARD & SMITH, LLP, and hereby admit, deny and/or otherwise respond to the factual allegations contained in Plaintiff's Second Amended Complaint, filed on December 19, 2024.  (ECF No. 7).

…

…

…

157616820.1

I.

## JURISDICTION AND VENUE

1. Answering Paragraphs 1, 2, and 3 of Plaintiff's First Amended Complaint, upon information and belief, Clark County Defendants admit the allegations therein.

II.

## PARTIES

2. Answering Paragraphs 4, 5, and 8 of Plaintiff's First Amended Complaint, upon information and belief, Clark County Defendants admit the allegations therein.

3. Answering Paragraphs 6, 7, 9, and 10 of Plaintiff's First Amended Complaint, Clark County Defendants are without sufficient facts and/or information from which to base a belief as to the truth of falsity of the allegations therein, and on said grounds, deny them.

III.

## GENERAL ALLEGATIONS

4. Answering Paragraphs 11, 12, 13, 14, 15, 16, and 18 of Plaintiff's First Amended Complaint, Clark County Defendants are without sufficient facts and/or information from which to base a belief as to the truth of falsity of the allegations therein, and on said grounds, deny them.

5. Answering Paragraphs 17 (and its subparts) of Plaintiff's First Amended Complaint, Clark County Defendants admit only that upon admission to Sunrise Hospital, J.D., received a CT scan of the brain without contrast which revealed the following impressions: (1) Extensive intracranial hemorrhage including subarachnoid, subdural and intraventricular hemorrhage; (2) Effacement of the basal cisterns and loss of CSF space around the medulla and cervical junction concerning for edema and impending herniation; (3) Critical value was reported to Dr. Pascoe by Dianne Mazzu on 10/5/2018, 3:34 PM PDT. Clark County Defendants deny any and all allegations not specifically admitted to herein.

6. Answering Paragraphs 19, and 20 of Plaintiff's First Amended Complaint, upon information and belief, Clark County Defendants admit the allegations therein.

**Dr. Corneal's Autopsy**

7. Answering Paragraphs 21, 22, 23, 24, 25, 26, and 27 of Plaintiff's First Amended

Complaint, upon information and belief, Clark County Defendants admit the allegations therein.

8. Answering Paragraph 28 of Plaintiff's First Amended Complaint, Clark County Defendants admit only that pursuant to the autopsy of J.D., Dr. Corneal, dated October 8, 2018, concluded that the infant's cause of death was blunt force head and neck trauma, and the manner of death was homicide. Clark County Defendants deny any and all allegations not specifically admitted to herein.

9. Answering Paragraph 29 of Plaintiff's First Amended Complaint, Clark County Defendants admit only that Dr. Corneal's microscopic examination, dated October 8, 2018, does not include reference to "SCT" or sickle cell trait. Clark County Defendants deny any and all allegations not specifically admitted to herein.

10. Answering Paragraphs 30, 31, 32, 33, 34, 35, 36, 37, and 38 of Plaintiff's First Amended Complaint, Clark County Defendants deny the allegations therein.

**Santos' Police Investigation**

11. Answering Paragraphs 39, 40, 41, 42, 43, 44, 45, 47 (and its subparts), 48, 49, and 50 of Plaintiff's First Amended Complaint, Clark County Defendants are without sufficient facts and/or information from which to base a belief as to the truth of falsity of the allegations therein, and on said grounds, deny them.

12. Answering Paragraph 46 of Plaintiff's First Amended Complaint, Clark County Defendant denies that Dr. Corneal fabricated evidence of a homicide. Clark County Defendants are without sufficient facts and/or information from which to base a belief as to the truth of falsity of the allegations therein, and on said grounds, deny them.

**POST-ARREST DEVELOPMENTS**

13. Answering Paragraphs 51, 53, and 56 of Plaintiff's First Amended Complaint, Clark County Defendants are without sufficient facts and/or information from which to base a belief as to the truth of falsity of the allegations therein, and on said grounds, deny them.

14. Answering Paragraphs 52, 54, and 55 of Plaintiff's First Amended Complaint, upon information and belief, Clark County Defendants admit the allegations therein.

15. Answering Paragraphs 57, 58, and 59 of Plaintiff's First Amended Complaint,

Clark County Defendants object on the grounds that said paragraphs contain only legal assertions and/or conclusions. To the extent said paragraph contains any factual allegations, Defendants deny them.

16. Answering Paragraph 60 (and its subparts), of Plaintiff's First Amended Complaint, Clark County Defendants deny the allegations therein.

IV.

## COUNT I

## 14TH AMENDMENT "FABRICATION OF EVIDENCE" BY DEFENDANT DR. CORNEAL

17. Answering Paragraph 61 of Plaintiff's First Amended Complaint, Clark County Defendants repeat and reallege all prior paragraphs by this reference, as though set fourth fully herein.

18. Answering Paragraph 62 of Plaintiff's First Amended Complaint, Clark County Defendants object on the grounds that said paragraphs contain only legal assertions and/or conclusions. To the extent said paragraph contains any factual allegations, Clark County Defendants deny them.

19. Answering Paragraphs 63, and 64 of Plaintiff's First Amended Complaint, Clark County Defendants deny the allegations therein.

V.

## COUNT II

## 4TH AMENDMENT MALICIOUS PROSECUTION BY DEFENDANT DR. CORNEAL

20. Answering Paragraph 65 of Plaintiff's First Amended Complaint, Clark County Defendants repeat and reallege all prior paragraphs by this reference, as though set fourth fully herein.

21. Answering Paragraph 66 of Plaintiff's First Amended Complaint, Clark County Defendants object on the grounds that said paragraphs contain only legal assertions and/or conclusions. To the extent said paragraph contains any factual allegations, Clark County Defendants deny them.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

157616820.1    4

22. Answering Paragraphs 67, 68, and 69 of Plaintiff's First Amended Complaint, Clark County Defendants deny the allegations therein.

## VI.

## COUNT III

## 4TH AMENDMENT MALICIOUS PROSECUTION BY DEFENDANT SANTOS

21. Answering Paragraph 70 of Plaintiff's First Amended Complaint, Clark County Defendants repeat and reallege all prior paragraphs by this reference, as though set fourth fully herein.

22. Answering Paragraph 71 of Plaintiff's First Amended Complaint, Clark County Defendants object on the grounds that said paragraphs contain only legal assertions and/or conclusions. To the extent said paragraph contains any factual allegations, Clark County Defendants deny them.

23. Answering Paragraphs 72, 73, and 74 of Plaintiff's First Amended Complaint, Clark County Defendants are without sufficient facts and/or information from which to base a belief as to the truth of falsity of the allegations therein, and on said grounds, deny them.

## VII.

## COUNT IV

## *"MONELL"* LIABILITY OF CLARK COUNTY

24. Answering Paragraph 75 of Plaintiff's First Amended Complaint, Clark County Defendants repeat and reallege all prior paragraphs by this reference, as though set fourth fully herein.

25. Answering Paragraphs 76, 77, 78, 81, 82 (and its subparts), 83, 84, and 85 of Plaintiff's First Amended Complaint, Clark County Defendants deny the allegations therein.

26. Answering Paragraphs 79, and 80 of Plaintiff's First Amended Complaint, Clark County Defendants admit only that the duties and functions of the Clark County Coroner's Office and Office of the Medical Examiner are defined under NRS Chapter 259; said statute speaks for itself. Clark County Defendants deny any and all factual allegations not specifically admitted to herein.

VIII.

## COUNT V

## *MONELL* LIABILITY OF LAS VEGAS

27. Answering Paragraph 86 of Plaintiff's First Amended Complaint, Clark County Defendants repeat and reallege all prior paragraphs by this reference, as though set fourth fully herein.

28. Answering Paragraphs 87, 88, 89, 90, 91, 92 (and its subparts), 93, 94, and 95 of Plaintiff's First Amended Complaint, Clark County Defendants are without sufficient facts and/or information from which to base a belief as to the truth of falsity of the allegations therein, and on said grounds, deny them.

IX.

## COUNT VI

## *MONELL* LIABILITY OF THE LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD")

29. Answering Paragraph 96 of Plaintiff's First Amended Complaint, Clark County Defendants repeat and reallege all prior paragraphs by this reference, as though set fourth fully herein.

30. Answering Paragraphs 97, 98, 99, 100, 101, 102 (and its subparts), 103, 104, and 105 of Plaintiff's First Amended Complaint, Clark County Defendants are without sufficient facts and/or information from which to base a belief as to the truth of falsity of the allegations therein, and on said grounds, deny them.

X.

## COUNT VII

## STATE LAW MALICIOUS PROSECUTION BY DEFENDANTS DR. CORNEAL AND SANTOS

31. Answering Paragraph 106 of Plaintiff's First Amended Complaint, Clark County Defendants repeat and reallege all prior paragraphs by this reference, as though set fourth fully herein.

32. Answering Paragraph 107 of Plaintiff's First Amended Complaint, upon information and belief, Clark County Defendants admit the allegations therein.

33. Answering Paragraphs 108 (and its subparts), and 109 of Plaintiff's First Amended Complaint, Clark County Defendants deny the allegations therein.

XI.

**AFFIRMATIVE DEFENSES**

At this time, the Defendants state the following Affirmative Defenses as discussed and defined by Federal Rule of Civil Procedure 8(c). The Affirmative Defenses included herein may be supplemented, modified, amended, or abandoned as dictated by further investigation and/or discovery:

1. Plaintiff, in her Complaint, fails to state a cause of action against Clark County Defendants upon which relief can be granted.

2. Plaintiff's damages, if any, were caused in whole or in part by the negligent, wrongful and/or intentional acts, omissions and/or conduct of Plaintiff.

3. The damages sustained by Plaintiff, if any, were actually and proximately caused by acts of third persons over whom Clark County Defendants had no control and/or whom were not agents, servants, employees, or acting on behalf of Clark County Defendants.

4. The complained acts of Clark County Defendants were justified.

5. Plaintiff is not entitled to punitive damages from Clark County Defendants pursuant to NRS 41.035(1).

6. The damages sustained by Plaintiff herein as alleged in her Complaint for damages, if any, were the result of an unavoidable accident.

7. The damages claimed by Plaintiff, if any, are speculative, are not supported by proof, and thus, not compensable as a matter of law.

8. The damages alleged by Plaintiff were not the reasonable foreseeable result of any negligent and/or intentional conduct on the part of Clark County Defendants.

9. The Plaintiff lacks standing to sue Clark County Defendants, assert any or all of the claims listed in the Complaint for Damages and/or seek the various types of relief sought.

157616820.1                    7

10. Clark County Defendants have been forced to retain the services of an attorney in defense of the Complaint, incurring expenses for legal fees, court costs, and for fees for other professionals for which Plaintiffs are responsible.

11. Clark County Defendants alleged that prior to the commencement of this action, Clark County Defendants duly performed, satisfied and discharged all duties and obligations that they may have owed to any and all parties involved, arising out of any and all agreements, representations, warranties (expressed or implied), or contract, if any, made by or on behalf of Defendants, unless and until prevented from doing so, and any duty owed by Defendant to Plaintiff, her decedent and/or any other party, if any, was thereby extinguished.

12. Pursuant to NRS 41.035 (2023), an award arising out of an act or omission by or on behalf of Clark County Defendants may not exceed $200,000.00 and the Plaintiff may not recover in excess of that amount from Clark County Defendants even if Clark County Defendants are found to have liability, which Clark County Defendants deny.

13. Plaintiff fails to state a cause of action against Clark County Defendants upon which relief can be granted because they fail to allege a violation of a right, privilege, or immunity secured by the law of the United States or the United States Constitution.

14. The actions of Clark County Defendants were objectively reasonable.

15. Clark County Defendants did not breach any duty of care owed to Plaintiff.

16. Clark County Defendants did not personally participate in any alleged violation of Plaintiff's constitutional rights.

17. Clark County Defendants did not create, promulgate, or otherwise establish a policy, custom, plan, or scheme that was the driving force behind Plaintiff's claims of constitutional deprivation.

18. There is no evidence, nor any factual allegation linking Clark County Defendants to a Federal Constitutional violation, precluding any claim for Municipal Liability.

19. Dr. Jennifer Corneal, D.O., and the Clark County Coroner's Office are entitled to the protections offered by Nevada's Public Duty Doctrine.

20. Neither Dr. Corneal, nor the Clark County Coroner's Office owed Plaintiff any

special duty with regard to the autopsy of J.D.

21. There is no evidence that Clark County Defendants entered into an agreement with any other Co-Defendants to commit an unlawful objective.

22. Dr. Corneal is entitled to the protections offered by Nevada's Discretionary-Act Immunity.

23. Dr. Corneal utilized her discretion and judgment in determining J.D.'s cause of death while performing his autopsy.

24. Dr. Corneal considered social, economic and political policy while performing J.D.'s autopsy.

25. Clark County Defendants did not implement, carry out, or act in compliance with an unconstitutional custom, practice, policy or scheme.

26. Clark County Defendants did not act with deliberate indifference to Plaintiff's or her decedent's constitutional rights.

27. Plaintiff's causes of action are barred by the Tenth and/or Eleventh Amendment.

28. Plaintiff's causes of action are unsupported in fact and law because they have not alleged a sufficient basis from which a constitutional interest might arise.

29. Plaintiff's causes of action are barred and/or limited by the Governmental Immunity Statutes of Nevada Revised Statute Chapter 41.

30. NRS 41.035(1) limits the damages that may be collected against a political subdivision of the State of Nevada and/or its officers and employees.

31. NRS 41.032(2) precludes any award that is based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty against a political subdivision of the State of Nevada and/or its officers and employees.

32. Plaintiff must prove her claim for punitive damages by clear and convincing evidence of willful and malicious or intentionally fraudulent conduct or conduct that manifests a knowing and reckless disregard toward, and a disregard of, the rights of others.

33. No acts or omissions of Clark County Defendants were malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

34.     Although there is no basis for an award of punitive damages, any punitive damage award is limited by NRS 42.005.

35.     To the extent Plaintiff's causes of action against the Defendant(s) sound in negligence, no recovery can be predicated upon 42 U.S.C. § 1983.

36.     Clark County Defendants were not deliberately indifferent to Plaintiff's or her decedent's medical needs.

37.     Pursuant to N.R.C.P. 8, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this answer and, therefore, Clark County Defendants reserve the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE, Clark County Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing by virtue of her Complaint on file herein;

2.     That the Court dismiss all Causes of Action included in Plaintiff's Complaint with prejudice;

3.     For an award of reasonable attorney fees and costs of suit incurred in the defense of the Causes of Action included in Plaintiff's Complaint; and

4.     For such other and further relief as the Court may deem just and proper under the circumstances.

DATED this 28th day of May, 2025.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Robert W. Freeman
ROBERT W. FREEMAN
Nevada Bar No. 3062
E. MATTHEW FREEMAN
Nevada Bar No. 14198
6385 S. Rainbow Blvd, Suite 600
Las Vegas, Nevada 89118
*Dr. Jennifer Corneal and County of Clark*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28<u>th</u> day of May, 2025, I electronically filed the **DEFENDANTS DR. JENNIFER CORNEAL AND COUNTY OF CLARK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court through Case Management/Electronic Filing System.

| | |
|---|---|
| PAUL S. PADDA<br>Nevada Bar #10417<br>psp@paulpaddalaw.com<br>**PAUL PADDA LAW, PLLC**<br>4560 South Decatur Boulevard, Suite 300<br>Las Vegas, Nevada 89103<br>Tele: (702) 366-1888<br>Fax: (702) 366-1940<br><br>-and-<br><br>ANTONIO M. ROMANUCCI (Admitted PHV)<br>aromanucci@rblaw.net<br>PATRICK DRISCOLL (Admitted PHV)<br>pdriscoll@rblaw.net<br>**ROMANUCCI & BLANDIN, LLC**<br>321 North Clark Street, Suite 900<br>Chicago, Illinois 60654<br>Tele: (312) 458-1000<br>*Attorneys for Plaintiff* | LYSSA S. ANDERSON<br>Nevada Bar No. 5781<br>KRISTOPHER J. KALKOWSKI<br>Nevada Bar No. 14892<br>TRAVIS C. STUDDARD<br>Nevada Bar No. 16454<br>**KAEMPFER CROWELL**<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada 89135<br>Telephone: (702) 792-7000<br>landerson@kcnvlaw.com<br>kkalkowski@kcnvlaw.com<br>tstuddard@kcnvlaw.com<br>*Attorneys for Defendant*<br>*Angie Santos* |

*/s/ Kristen Freeman*
Employee of LEWIS BRISBOIS
BISGAARD & SMITH LLP