PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
**-and-**
ANTONIO M. ROMANUCCI, ESQ. (Admitted PHV)
Email: aromanucci@rblaw.net
PATRICK DRISCOLL, ESQ. (Admitted PHV)
Email: pdriscoll@rblaw.net
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Tele: (312) 458-1000

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KRISTINA KERLUS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>DR. JENNIFER CORNEAL, in her individual capacity; A. SANTOS, in her individual capacity; CITY OF LAS VEGAS, a municipal corporation; COUNTY OF CLARK, a municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; jointly and severally,<br><br>Defendants. | Case No. 2:24-cv-02352<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF THE FIRST AMENDED COMPLAINT ON DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT** |

Plaintiff Kristina Kerlus ("Plaintiff"), by and through undersigned counsel, respectfully submits this Reply in Support of her Motion to Extend the Time for Service of the First Amended Complaint on Defendant Las Vegas Metropolitan Police Department (the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Court should reject Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Opposition because it fails to dispute that good cause and/or excusable neglect exists to grant the Motion.  Specifically, LVMPD's Opposition 1) does not effectively dispute that the mistake by Plaintiff's counsel meets the standard for good cause and/or excusable neglect under the circumstances; 2) ignores that the Court has already found good cause to extend the service deadline to May 2, 2025, and identifies no prejudice to LVMPD resulting from the incremental delay in service 12 days later, on May 14, 2025; and 3) impliedly concedes LVMPD received actual notice of the lawsuit prior to the Court's extended service deadline.

*First*, LVMPD does not credibly dispute that the mistake by Plaintiff's counsel, while regrettable, satisfies the good cause/excusable neglect standard.  Ever since being retained by Plaintiff, undersigned counsel has worked diligently to accomplish service and prosecute this action.  As noted in the Motion, a member of undersigned counsel's staff who was responsible for preparing the summons was rushing to accomplish service on all Defendants in light of the delays caused by prior, non-retained counsel.  In this rush, the staff member neglected to prepare a summons for LVMPD.  Contrary to the cases LVMPD cites in its Opposition, Plaintiff's failure to timely serve LVMPD was not the result of mere inaction, but rather an excusable oversight that undersigned counsel diligently corrected immediately upon being notified.  Courts have found good cause and excusable neglect in similar circumstances.  *See* Dieleman v. Cummings, No. 2:21-CV-01708-JCM-EJY, 2025 WL 593099, at *4 (D. Nev. Feb. 21, 2025) (granting extension where failure to serve was based on honest error of counsel amounting to negligence, denial of an extension would result in severe prejudice to plaintiff, and opposing party identified no prejudice); Martin v. Nevada, No. 3:21-CV-00365-ART-CSD, 2024 WL 4834978, at *2 (D. Nev. Nov. 19, 2024) ("Delays in filing resulting from negligence and carelessness, not deviousness or willfulness, may be considered excusable neglect.").

*Second*, LVMPD's Opposition ignores that this Court has already found good cause to grant Plaintiff's initial motion to extend the service deadline to May 2, 2025, and that it must demonstrate prejudice from the *incremental* delay in service beyond this extended deadline. All of LVMPD's claims of prejudice rest on the passage of time since the underlying events, which is the wrong time interval. After all, the long passage of time since the underlying events equally affects the other Defendants, and the Court was already aware of it when it ruled on Plaintiff's initial motion to extend the time for service. That motion highlighted the significant confusion caused by Plaintiff's former counsel, who filed the Complaint and First Amended Complaint without Plaintiff's authorization. *See generally*, ECF No. 20. Put simply, the initial delay in bringing this lawsuit and accomplishing service in the first instance was entirely based on factors beyond the control of Plaintiff or her counsel. *Id.* The Court recognized this in holding that good cause existed for an extension of the service deadline for all Defendants, including LVMPD, to May 2, 2025. *See* ECF No. 38. Accordingly, LVMPD's arguments about the prejudice it allegedly will suffer because of the passage of time are unavailing. Because the Court has already found good cause to extend the service deadline to May 2, 2025, LVMPD must instead demonstrate that it suffered some prejudice from the incremental 12-day delay between this May 2, 2025 deadline and May 14, 2025, when service on LVMPD was accomplished. *See* ECF No. 42. LVMPD's Opposition completely fails to identify any such prejudice.

*Third*, and relatedly, LVMPD fails to refute that it had actual notice of the existence of this action at least since the date when its employee, Defendant Santos, was served on April 8, 2025. Instead of expressly denying that it had such notice, which it could easily do, LVMPD merely protests that there is "no support for the position that [LVMPD] received actual notice of this case . . . until after the initial service deadline expired." True enough, Plaintiff cannot definitively prove that LVMPD obtained notice of the suit before it was served. Only LVMPD can expressly confirm or deny this. Plaintiff merely noted in the Motion that it is highly likely that LVMPD did in fact have such notice before the extended service deadline because its employee was timely served. And by failing to outright deny that it had actual notice of the

3

lawsuit prior to the expiry of the extended service deadline, when it has ample motivation to do so, LVMPD impliedly concedes that it had such notice. LVMPD's implied concession that it had actual notice underscores that it will suffer no prejudice from an incremental extension of the service deadline, while Plaintiff will suffer severe prejudice if the Motion is denied. Accordingly, Plaintiff's Motion should be granted.

## ARGUMENT

### I. LVMPD Fails to Dispute that Plaintiff's Counsel's Failure to Timely Accomplish Service Amounts to Good Cause, or at Minimum, Excusable Neglect.

LVMPD argues that Plaintiff's Motion does not demonstrate good cause or excusable neglect because undersigned counsel's mistake is insufficient to meet either standard. ECF No. 43 at **5-6. Not so. Courts have found good cause and excusable neglect in analogous circumstances based on findings that the Plaintiff's failure to timely serve amounted to mere negligence by an otherwise diligent plaintiff. *See* Dieleman v. Cummings, No. 2:21-CV-01708-JCM-EJY, 2025 WL 593099, at *4 (D. Nev. Feb. 21, 2025) (finding good cause for an extension where moving party's yearslong delay to formally serve opposing party resulted from mistake of counsel amounting to negligence, and where opposing party had actual notice and identified no prejudice from the delay); Martin v. Nevada, No. 3:21-CV-00365-ART-CSD, 2024 WL 4834978, at *2 (D. Nev. Nov. 19, 2024) ("Delays in filing resulting from negligence and carelessness, not deviousness or willfulness, may be considered excusable neglect.").

Plaintiff's delay in serving LVMPD, while unfortunate, meets both the good cause standard and the standard for excusable neglect. Ever since being retained in March 2025, Plaintiff's retained counsel and undersigned counsel have worked diligently to accomplish service and litigate this case. As explained in the Motion, undersigned counsel's staff promptly began preparing summonses for each of the Defendants. In light of the prior delays and confusion caused by Plaintiff's former, non-retained counsel—which were entirely outside of undersigned counsel's control—the staff member assigned to the case was rushing to prepare multiple summonses. The staff member filed the summonses and arranged for service without realizing

that no summons for LVMPD had been prepared. Immediately upon being informed of this oversight by the Court on May 8, 2025, undersigned counsel prepared a summons and filed the Motion seeking an incremental two-week extension of time to accomplish service on LVMPD. *See* ECF 39-40. But for this honest mistake, amounting to negligence at most, LVMPD would have been timely served within the Court's extended deadline of May 2, 2025. Because of Plaintiff's diligence, LVMPD was ultimately served on May 14, 2025, only 12 days after the extended deadline. ECF No. 42. There is no basis to argue that such a mistake is inconsistent with good cause, or at minimum, excusable neglect.

LVMPD's cited cases are not to the contrary. None involved a Plaintiff whose retained counsel had demonstrated diligence in attempting service, and whose failure to serve one among several defendants was based on a good faith oversight, as opposed to willfulness, deviousness, or mere inattention. For example, LVMPD approvingly cites Bouari v. United States, No. 2:21-cv-01974-APG-DJA, slip op. at *2 (D. Nev. Nov. 7, 2022), because the court declined to extend the time for service after the plaintiff had already received additional time to serve, but the case is not remotely analogous. In Bouari, the court had granted the plaintiff's first extension request only begrudgingly, finding that "good cause is questionable and excusable neglect underdeveloped" because the plaintiff's only excuse for failing to timely serve was that its chosen process server was bedridden. *Id.* at *1. And in the second extension request, the plaintiff did not provide the court with any reason why its failure to meet the extended service deadline amounted to excusable neglect. *Id.* at *2. Here, by contrast, Plaintiff's first extension request clearly demonstrated good cause (as the Court has already found), and the instant request for an incremental extension is based on a legitimate oversight during Plaintiff's diligent attempt to accomplish service on all Defendants. Plaintiff sincerely regrets that it was not able to serve LVMPD at the same time as the other defendants, but its failure was an honest mistake that was promptly corrected. This is sufficient to demonstrate good case and excusable neglect.

## II. LVMPD's Arguments About Prejudice Ignore that the Court Already Found Good Cause to Extend the Time to Serve the First Amended Complaint.

LVMPD next argues that Plaintiff cannot demonstrate excusable neglect because of the "inherent[] prejudice" it claims to have suffered because of the "unreasonable delay" between the underlying events and the date on which LVMPD was served. ECF No. 43, at **6-7. In this regard, LVMPD notes that the "extreme passage of time" will impact witness testimony and impair its ability to locate relevant evidence. *Id.* at *7. But LVMPD is focused on the wrong period of time. The Court already found good cause to extend the service deadline for all Defendants until May 2, 2025. *See* ECF No. 38. When Plaintiff filed her first motion to extend the service deadline, the Court understood there has been a significant lapse of time since the underlying events, and that Plaintiff filed her Complaint just before the expiry of the statute of limitations. And all of LVMPD's arguments about the "extreme passage of time" between the underlying events and the filing of the Complaint apply with equal force to the other Defendants. Nevertheless, the Court held that good cause existed to extend the service deadline for all Defendants, including LVMPD, until May 2, 2025. *Id.* Even LVMPD must concede that service on any day up to and including May 2, 2025 would not have been "unreasonabl[e]", notwithstanding the time that has elapsed. Thus, all of LVMPD's arguments about the prejudice it will supposedly suffer due to the "extreme passage of time" since the underlying incident are unavailing. LVMPD was instead required to demonstrate why it would be prejudiced by the 12-day delay between the May 2, 2025 extended service deadline and the May 14, 2025 date on which it was served. *See* ECF No. 42. But LVMPD has failed to identify any prejudice resulting from this minor delay. Nor could it do so, because as explained below, LVMPD has effectively conceded that it received actual notice of the lawsuit when its employee, Defendant Santos, was timely served with the First Amended Complaint on April 8, 2025.

### III. By Failing to Expressly Deny that It Had Actual Notice of the Lawsuit Prior to the Extended Service Deadline, LVMPD Impliedly Concedes that It Did.

LVMPD objects to Plaintiff's argument that it will suffer no prejudice because it had actual notice of the existence of this action, but importantly, it does not actually deny that it had such notice. ECF No. 43 at *8. Rather, LVMPD merely asserts that Plaintiff's notice argument is "unsupported." *Id*. Plaintiff freely acknowledges that she cannot definitively prove whether or not LVMPD obtained actual notice, as this is something only LVMPD would be able to confirm. But this makes LVMPD's failure to expressly deny Plaintiff's assertion all the more conspicuous. LVMPD knows whether it obtained actual notice of the lawsuit, and if it did not receive such notice, its counsel undoubtedly would be able to say so in the Opposition. By failing to make an express denial, therefore, LVMPD effectively concedes that it obtained actual notice of the action before the expiry of the extended service deadline. For this reason, LVMPD will experience no prejudice should the Court grant an incremental two-week extension of the time for service. Given that LVMPD has likely known of the existence of this lawsuit for several weeks, the 12-day delay in Plaintiff's service on LVMPD will not impair its ability to defend the claims asserted against it in the action. *Cf.* Bd. of Trs. of S. Nevada & California Glaziers, Fabricators, Painters & Floorcoverers Pension Tr. Fund v. Scoutlite Corp., 2024 WL 4451654, at *1 (D. Nev. Sept. 16, 2024) ("Rule 4 . . . is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."). Moreover, as noted in the Motion, Plaintiff is willing to make any scheduling accommodation necessary to account for its oversight in failing to accomplish service on LVMPD at the same time as the other Defendants.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion and extend Plaintiff's time to serve the First Amended Complaint on LVMPD to and until May 23, 2025.

Respectfully submitted,

PAUL PADDA LAW

*/s/ Paul S. Padda*_____
Paul S. Padda, Esq

*Attorney for Plaintiff*

Dated: June 3, 2025

**CERTIFICATE OF SERVICE**

    Pursuant to the Federal Rules of Civil Procedure, the undersigned hereby certifies that on this day, June 3, 2025, a copy of the foregoing document was filed with the Court and a copy served upon all respective parties and their counsel through the Court's electronic filing system.

/s/ Nicole Moran
Nicole Moran
Paralegal