PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
**-and-**
ANTONIO M. ROMANUCCI, ESQ. (Admitted PHV)
Email: aromanucci@rblaw.net
PATRICK DRISCOLL, ESQ. (Admitted PHV)
Email: pdriscoll@rblaw.net
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Tele: (312) 458-1000

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KRISTINA KERLUS, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> DR. JENNIFER CORNEAL, in her individual capacity; A. SANTOS, in her individual capacity; CITY OF LAS VEGAS, a municipal corporation; COUNTY OF CLARK, a municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; jointly and severally, <br><br> Defendants. | Case No.: 2:24-cv-02352-APG-DJA <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT LVMPD'S MOTION TO DISMISS** |

Plaintiff submits this response in opposition to dismiss her amended complaint (ECF 7) that was filed by Defendant Las Vegas Metropolitan Police Department ("LVMPD"). Defendant LVMPD seeks to dismiss Plaintiff's Complaint under the Federal Rules of Procedure 12(b)(5)

1

and 12(b)(6). Defendant LVMPD's arguments to dismiss under each of FRCP rule lack merit and should be denied.

In support, Plaintiff states as follows:

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

#### A. Motion to Dismiss under FRCP 12(b)(5) should be denied

Plaintiff has served Defendant LVMPD with a summons and copy of her pleading on May 14, 2025. This was past the deadline set by the Court granting Plaintiff an extension to serve Defendant LVMPD. Nonetheless, Plaintiff has shown good cause and excusable neglect in being unable to serve LVMPD before the deadline. Plaintiff's Complaint and Amended Complaint were filed without her authorization causing a cascade of confusion at the onset of this case. It was unclear that the undersigned counsel did in fact represent Plaintiff until March of 2025 leaving this counsel with little room for error to comply with the established parameters set by the Federal Rules of Procedure and this Court. However, and most importantly, at the time of filing this response Defendant LVMPD has been served and has not shown any prejudice warranting the dismissal they seek.

#### B. Motion to Dismiss under FRCP 12(b)(6) should be denied

Defendant asks this Court to dismiss Count VII of Plaintiff's complaint based on a failure to comply with Nevada Revised Statute 41.036. However, Defendant inaccurately states the applicable accrual date for Plaintiff's claims under NRS 41.036. The correct date demonstrates that Plaintiff has notified Defendant LVMPD of her claims within the two years set out in NRS 41.036. Therefore, Defendant's attempt to dismiss Count VII of Plaintiff's amendment complaint should be denied.

Further, Defendant seeks to dismiss Count VI of Plaintiff's complaint, which are her claims under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Plaintiff has plausibly shown how LVMD's policies, customs, and procedures caused the violation of her constitutional rights. Defendants' Rule 12(b)(6) motion to dismiss Count VI only seeks to prevent

2

Plaintiff from gathering evidence to support her claims and to prove those claims on the merits. Thus, LVMPD's motion should be denied.

## II.     BACKGROUND

1. Plaintiff's claims in this case arise from her malicious prosecution related to the death of her infant son in 2018. ECF No. 1.
2. The initial Complaint in this case was filed on December 17, 2024 claiming, pursuant to 42 U.S.C. § 1983, violations of Plaintiff's rights pursuant to the Fourteenth Amendment of the United State Constitution to be afforded equal protection and due process, and the Fourth Amendment of the United States Constitution to be free from malicious prosecution by Defendant's Corneal and Santos. ECF No. 1.
3. The First Amended Complaint in this case was filed on December 19, 2024, asserting the same claims but adding additional parties. ECF No. 7.
4. The initial Complaint and First Amended Complaint was filed by Santos Law and Muller Law Firm without the knowledge or authorization of Plaintiff. ECF No. 9, pp. 2-3.
5. Unretained counsel (Santos and Mueller) initiated this litigation without the knowledge or authorization of the Plaintiff. ECF No. 9.
6. Following the filing of the Complaint and First Amended Complaint, Plaintiff retained the Romanucci & Blandin law firm ("retained counsel"), as well as undersigned counsel, to represent her interests.
7. On March 17, 2025, the Court issued a Notice of intent to dismiss pursuant to FRCP 4(m), setting a deadline for Plaintiff to provide proof of service on or before April 16, 2025.
8. Retained counsel first appeared in this case and designated undersigned counsel as its local counsel on March 19, 2025.

3

9. Shortly after becoming associated as local counsel, undersigned counsel worked quickly to effect service on Defendants before the April 16, 2025 deadline.

10. Because Plaintiff and retained counsel were caught off guard by the filing of pleadings in this case, Plaintiff moved to extend the deadline for service of the Amended Complaint. ECF No. 20.

11. Due to the confusion regarding Plaintiff's representation at the beginning of this case, the Court found good cause to extend the time for service. ECF No. 38.

12. Unfortunately, in the rush to timely complete service before the court's initial deadline of April 16, 2025, undersigned counsel neglected to file a proposed summons for Defendant Las Vegas Metropolitan Police Department ("LVMPD"). Due to this oversight, Defendant LVMPD was not served until Mary 14, 2025.

13. On information and belief, Defendant LVMPD likely had actual notice of the First Amended Complaint before May 14, 2025, as service had been effected on Defendant Clark County and Defendant Santos, an LVMPD employee.

14. On May 27, 2025 Defendant LVMPD filed a Motion to Dismiss in response to Plaintiff's First Amended Complaint, seeking dismissal on various ground under FRCP 12(b)(5) and 12(b)(6).

III.  ARGUMENT

   A. **Plaintiff has Established Good Cause and Excusable Neglect for an Extension of Time to Complete Service and LVMPD has Actual Notice of the Amended Complaint.**

Despite having been served and having actual notice of this action, Defendant LVMPD asks this Court to dismiss Plaintiff's action under FRCP 4(m). On May 14, 2025, Plaintiff successfully served Defendant LVMPD. (ECF No. 41 and No. 42). This service was past the Court's initial extended deadline for Plaintiff's service on April 16, 2025. In ECF 40, Plaintiff demonstrated why she has good cause/excusable neglect to support her request for a second extension of time to serve her Amended Complaint on Defendant LVMPD. To establish good

cause, a plaintiff must show (1) excusable neglect, (2) the party to be served received actual notice of the suit, (3) the party to be served would suffer no prejudice and (4) plaintiff would suffer severe prejudice if the complaint were dismissed. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). As detailed in ECF 40, Plaintiff has demonstrated excusable neglect based on the unusual circumstances surrounding the filing of the complaint. Furthermore, LVMPD has actual notice of the First Amended Complaint based on Plaintiff's successful service on LVMPD's employee Defendant Santos and Defendant Clark County. Defendant LVMPD will not and has not experienced prejudice based on the delayed service from Plaintiff.  On the other hand, dismissal would subject Plaintiff to severe prejudice based on the potential implications of statues of limitations on her claims. These facts resemble the parties circumstances in *Holmes v. Andre Agassi Coll. Prep Acad.* No. 2:12-CV-00273-KJD, 2012 WL 2838604 (D. Nev. July 10, 2012). Here, the court found excusable neglect warranted extending the service of process deadline where Defendants did not face prejudice, due to no filing of a responsive pleading at the time of filing the amended complaint, and Plaintiff could suffer severe prejudice due to applicable statute of limitations. *Id.*

Defendant LVMPD cites *Williams v. Bellagio Hotel & Casino* in arguing that they are entitled to dismissal based on Plaintiff's untimely service. 728 F. Supp. 3d 1166 (D. Nev. 2024). However, the facts at issue in *Williams* are significantly distinct from this case. For example, in *Williams* the plaintiff's second attempt to serve was more deficient than the first, the Defendant had filed multiple motions to dismiss, and the case had been pending for almost a year and a half. *Id.* at 1170. None of these facts are present in this matter. In addition, *Williams* did not involve the unusual circumstances that were present at the onset of this case. As the Court knows, an attorney initiated this litigation without the Plaintiff's knowledge or authorization, and it was not

5

clear that undersigned counsel did in fact represent the Plaintiff until March of 2025. (ECF No. 9).

Rule 4(m) of the Federal Rules of Civil Procedure states "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." As explained above, and in ECF No. 40, Plaintiff has demonstrated the applicable good cause. Therefore, Defendant's Motion to Dismiss based un FRCP 4(m) should be denied

### B. Both of LVMPD's Arguments to Dismiss Plaintiff's Claims under FRCP 12(b)(6) should be denied

LVMPD's Motion to Dismiss seeks nothing more but to prevent Plaintiff from gathering evidence to support her claims and to prove those claims on the merits. To survive a motion to dismiss a Plaintiff merely needs to "state a claim to relief that is plausible on its face." *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). At the Motion to Dismiss stage the Court must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Interpipe Contracting, Inc. v. Becerra,* 898 F.3d 879, 887 (9th Cir. 2018). Ultimately, "[d]ismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Boquist*, 32 F.4th at 774. (quoting *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)).

#### i. Plaintiff Has Complied with the Notice Requirement of Nevada Revised Statute 41.036.

LVMPD claims that Plaintiff has failed to comply with the notice requirement of NRS 41.036. Specifically, LVMPD takes issue with Count VII of Plaintiff's amended complaint, which holds LVMPD liable through *respondeat superior*. Proceeding against LVMPD under this theory requires Plaintiff to comply with NRS 41.036 which states Plaintiff must notify the "governing body" of the tortfeasors, here LVMPD, with notice of her intent to sue. Nev. Rev. Stat. 41.036(2).

6

Under this statute notice must be given to the governing body within two years of the claim's accrual. *Id*. In two ways, Plaintiff has complied with this requirement under 41.036.

In LVMPD's motion they fail to note the correct time of accrual to Plaintiff's claims. LVMPD states "Count VII arguably accrued at the latest on December 19, 2022, when all criminal charges against her were dismissed." ECF 44 at 4. However, the date stated by LVMPD goes against the clearly established law for when a claim would begin to accrue under a Fourth Amendment malicious prosecution claim. Claims of malicious prosecution do not accrue until "the final termination of the original criminal proceeding in the claimant's favor." *Shade v. Las Vegas Metro. Police Dep't*, No. 215CV01016RFBPAL, 2017 WL 4390100, at *4 (D. Nev. Sept. 30, 2017) (quoting *Day v. Zubel,* 112 Nev. 972, 977-78, 922 P.2d 536, 539 (1996)). Specifically, "final termination" of the criminal proceeding occurs when charges are dismissed with prejudice. *Turner v. State*, 134 Nev. 1022 (Nev. App. 2018) (quoting Day 112 Nev. at 978, 922 P.2d at 539.) Here, Plaintiff's criminal case was not dismissed with prejudice and therefore Plaintiff's was not required to provide notice to LVMPD on December 19, 2024 as LVMPD assumes. Plaintiff's motion to dismiss with prejudice was denied on February 6, 2023, meaning the original criminal proceeding had not reached final termination. **Ex. A**, District Court of Clark County, Nevada Court Minutes from February 6, 2023 (denying Plaintiff's motion to dismiss with prejudice). At this stage, LVMPD has undeniably been notified of the claims Plaintiff is pursuing against them and dismissal on these grounds should be denied.

Even if the accrual date started when LVMPD claims, Plaintiff still has complied with the notice requirement under NRS 41.036. When Plaintiff filed her amended complaint on December 19, 2024 she sufficiently notified LVMPD of her claim as to comply with NRS 41.036(2). This Court has previously found that "there is no dispute" a plaintiff has notified a defendant of their

7

claims when they file their complaint. *Fleming v. Las Vegas Metro. Police* Dep't, No. 223CV00177RFBEJY, 2023 WL 6392612, at *6 (D. Nev. Sept. 30, 2023). Because Plaintiff filed her complaint on December 19, 2024 she still notified LVMPD within the two years of when LVMPD believes her claims "arguably accrued." (ECF 44 at 4). Therefore, the Court should deny LVMPD's attempt to dismiss County VII of Plaintiff's amended complaint.

### ii. Plaintiff Plausibly Alleges a Monell Claim against LVMPD.

Plaintiff's amended complaint asserts a 42 U.S.C. § 1983 claim against the City of Memphis. The sufficiency of the complaint's allegations in support of that claim are judged pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). *Monell* stands for a straightforward proposition: "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Oyenik v. Corizon Health Inc.,* 696 F. App'x 792, 793 (9th Cir. 2017)(quoting *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).  Because *respondeat superior* is not an available theory of liability, "[a] government entity may not be held liable under 42 U.S.C. § 1983[ ] unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Oyenik* 696 F. App'x at 794. (quoting *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)). A *Monell* claim requires a Plaintiff to show that: "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [the Plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020).

There are four ways to show a policy, custom, or practice under *Monell*: (a) identifying an official written policy that is on its face unconstitutional; (b) showing a "pervasive custom or

practice" constituting widespread unconstitutional practices similar to those alleged by the Plaintiff; (c) identifying how the entity failed to adequately train, supervise, or discipline unconstitutional conduct; or (d) identifying a final policymaker whose decision or act ratified a constitutional violation. *E.g. White v. Flathead Cnty.*, 680 F. Supp. 3d 1211, 1215 (D. Mont. 2023). However, as opposed to viewing these theories in isolation, a number of courts have noted, it should be taken into consideration how a municipality's "policies or practices interact with one another" to cause a violation. *Sanchez v. Young Cnty.,* Texas, 956 F.3d 785, 795 (5th Cir. 2020). In the Ninth circuit, "a claim of municipal liability under [Section] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Benson v. Nevada,* No. 217CV00447RFBNJK, 2018 WL 1566330, at *6 (D. Nev. Mar. 30, 2018) (quoting *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir. 2002)). Accepting the allegations in Plaintiff's complaint as true and construing them in the light most favorable to the Plaintiff, she has presented a plausible claim under *Monell*. Plaintiff has pled that she was deprived of a clearly established constitutional right under the Fourth Amendment and that LVMPD was the moving force behind this constitutional deprivation in at least four ways.

First, Plaintiff has pled that LVMPD did not have "adequate procedures and policies in place to prevent deliberate false statements and omissions of material facts from being presented in police reports by LVMPD detectives." ECF 7 at 16. Plaintiff has pled that LVMPD was deliberately indifferent to the constitutional rights of civilians in failing to implement adequate procedures and policies to prevent deliberate false statements and omissions in police reports. Further, Plaintiff has pled that this custom of the LVMPD was the moving force behind the deprivation of her constitutional right. Additionally, Plaintiff has pled that Defendant Santos' conduct conformed to this custom. Therefore, accepting these allegations as true, Plaintiff has sufficiently pled a plausible claim under *Monell*.

Second, Plaintiff has pled that the LVMPD does not sufficiently train its employees on the constitutional obligation to "refrain from fabricating evidence or making false statements or

omission of material facts to manufacture probable cause for an arrest." ECF 7 at 16. Plaintiff has pled that LVMPD was deliberately indifferent to the constitutional rights of civilians in failing to implement training to ensure its employees refrained from fabricating evidence. It is "patently obvious" that LVMPD's failure to train its employees to refrain from fabricating evidence lead to unconstitutional consequences. *Martinez v. Los Angeles Police Dep't,* No. 22-15509, 2024 WL 3534489, at *1 (9th Cir. July 25, 2024). This means Plaintiff is not required to show a pattern of "similar constitutional violations by untrained employees." *Id.* Further, Plaintiff has pled that this custom of the LVMPD was the moving force behind the deprivation of her constitutional right. Additionally, Plaintiff has pled that Defendant Santos' conduct conformed to this custom. Therefore, accepting these allegations as true, Plaintiff has sufficiently pled a plausible claim under *Monell*.

Third, Plaintiff has pled that LVMPD "by and through its final policymakers, had a custom and policy to authorize, condone, tolerate, and approve illegal and unconstitutional actions by LVMPD employees, including Santos." ECF 7 at 16. Plaintiff has pled that LVMPD was deliberately indifferent to the constitutional rights of civilians when authorizing, condoning, tolerating, and approving the illegal and unconstitutional acts of its employees. Further, Plaintiff has pled that this custom of the LVMPD was the moving force behind the deprivation of her constitutional right. Additionally, Plaintiff has pled that Defendant Santos' conduct conformed to this custom within the LVMPD. Therefore, accepting these allegations as true, Plaintiff has sufficiently pled a plausible claim under *Monell.*

Lastly, Plaintiff has pled that LVMPD "through its final policymakers, maintained a custom and policy of failing to adequately train, supervise, and/or discipline officers concerning proper and constitutionally adequate evidence collection, analysis, and disclosure, including the duty not to fabricate evidence, and make candid and truthful disclosures to the prosecutor and judges in reports and/or testimony." ECF 7 at 17. Plaintiff has pled that LVMPD was deliberately indifferent to the constitutional rights of civilians in maintaining a custom and policy of inadequately training, supervising, and/or disciplining its employees to not unconstitutionally

fabricate evidence. Further, Plaintiff has pled that this custom of the LVMPD was the moving force behind the deprivation of her constitutional right. Additionally, Plaintiff has pled that Defendant Santos' conduct conformed to this custom within the LVMPD. Therefore, accepting these allegations as true, Plaintiff has sufficiently pled a plausible claim under *Monell*

In addition to making specific allegations of customs and policies within the LVMPD that add up to plausible claims under *Monell* considering how these alleged customs and policies interact with one another only bolsters Plaintiff's claims. LVMPD's failure to implement policies to ensure its employees did not fabricate evidence, train its employees to refrain from fabrication of evidence, authorize and tolerate the fabrication of evidence, and fail to supervise or discipline, all come together to demonstrate an unconstitutional policy and custom in the LVMPD. Furthermore, undoubtedly, Defendant Santos' conduct conformed to this policy and custom. Because it does not appear beyond doubt that Plaintiff can prove no set of facts to support her claims in Count VI of her complaint, LVMPD's motion must be denied. *Boquist*, 32 F.4th at 774.

In the alternative, should the Court find Plaintiff failed to plausibly state a claim under *Monell*, Plaintiff reserves the right to seek leave to amend her allegations under Count VI. Courts are free to grant a party leave to amend whenever "justice so requires," FRCP 15(a)(2), and requests for leave should be granted with "extreme liberality." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 972 (9th Cir. 2009) (citing *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001)). "'Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'" *Moss* 572 F.3d at 972. (quoting *Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir.2002). With the initiation of this lawsuit being done without Plaintiff's consent and not from her undersigned counsel, Plaintiffs believes she deserves a chance to supplement her *Monell* claims in the even the event the Court finds she has not plausibly asserted them in her amended complaint.

/ / /

/ / /

/ / /

### IV. CONCLUSION

For the foregoing reasons the Court should deny each of Defendant LVMPD's grounds for dismissal of Plaintiff's First Amended Complaint.

Respectfully submitted,

PAUL PADDA LAW

*/s/ Paul S. Padda*
Paul S. Padda, Esq

Attorney for Plaintiff

Dated: July 24, 2025

**CERTIFICATE OF SERVICE**

    Pursuant to the Federal Rules of Civil Procedure, the undersigned hereby certifies that on this day, July 24, 2025, a copy of the foregoing document was filed with the Court and a copy served upon all respective parties and their counsel through the Court's electronic filing system.

                                                                                                              */s/ Nicole Moran*
                                                                                                              Nicole Moran
                                                                                                              Paralegal

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940