LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
TRAVIS C. STUDDARD
Nevada Bar No. 16454
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:             (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
tstuddard@kcnvlaw.com

*Attorneys for Defendants*
*Angie Santos and Las Vegas*
*Metropolitan Police Department*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KRISTINA KERLUS, individually,<br><br>         Plaintiff,<br><br>vs.<br><br>DR. JENNIFER CORNEAL, in her individual capacity; A. SANTOS, in her individual capacity; CITY OF LAS VEGAS, a Municipal corporation; and COUNTY OF CLARK, a Municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, jointly and severally<br><br>         Defendants. | Case No.:   2:24-cv-02352-APG-DJA<br><br>**LVMPD'S REPLY IN SUPPORT OF THE MOTION TO DISMISS**<br>**[ECF No. 44]** |

Defendant Las Vegas Metropolitan Police Department ("LVMPD") files this Reply in support of the Motion to Dismiss, (ECF No. 44). Plaintiff's Response confirms, not undermines, the basis for dismissal of claims against LVMPD at this stage.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.335

Page 1 of 10

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

**Motion to Dismiss under FRCP 12(b)(6)**: Plaintiff's Response makes a concession that now creates a basis for dismissal of all her claims against LVMPD and its official, Defendant Santos, albeit without prejudice.  In an effort to oppose dismissal under NRS 41.036 of her malicious prosecution claim in Count VII based on the ground that she did not notify LVMPD of her intent to bring it within two years of this claim's accrual date, Plaintiff argues that this claim technically still has not yet accrued because "the original criminal proceeding ha[s] not reached final termination" as the Nevada district court denied her "motion to dismiss with prejudice."[1] When taking Plaintiff's position as accurate, this concession means none of her claims are viable against LVMPD or Santos at this time because these claims do not yet exist.

In other words, her position inherently concedes that she cannot establish the essential element of "favorable termination" of the criminal proceedings, as is required in order to bring her malicious prosecution claims in a civil lawsuit, because her criminal proceedings have not yet ended.  So, in trying to escape dismissal of Count VII based on NRS 41.036, Plaintiff has inherently established a larger basis to dismiss not just Count VII but all her claims against LVMPD and Defendant Santos.

**Motion to Dismiss under FRCP 12(b)(5)**: Plaintiff's Response still does not satisfy the good cause and excusable neglect standard for the Court to overlook the untimely service of process against LVMPD and retroactively declare it timely.  In accord with FRCP 4 and FRCP 12(b)(5), dismissal of LVMPD is the proper outcome based on these unique circumstances—where

---

[1] Her First Amended Complaint did not contain this information; it alleged simply that the criminal charges were "dismissed." (First Am. Compl. ¶¶ 56, 59, 107, ECF No. 7).  However, the Court can consider it through the doctrine of judicial notice, as explained further in this Reply.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.335

Page 2 of 10

1  LVMPD did not receive notice of this case until five years and eight months already went by since
2  the underlying conduct by LVMPD employees at issue in this case.
3  II.     **ARGUMENT**
4         A.     **Plaintiff's Response Creates a Judicially Noticeable Basis to Dismiss Her Claims against LVMPD and Defendant Santos Without Prejudice Because**
5                **Her Claims against These Defendants Have Not Yet Accrued.**
6         LVMPD's Motion to Dismiss argues that the Court should dismiss her Nevada common
7  law claim for malicious prosecution in Count VII because she did not timely notify LVMPD of
8  her intent to bring this claim (or any others) within two years of this claim's accrual date as required
9  by NRS 41.036. (LVMPD Mot. Dismiss 3:19–4:20, ECF No. 44). LVMPD Defendants identified
10 the "accrual date" of Count VII as the date Plaintiff alleges her criminal charges were "dismissed":
11 December 19, 2022. (*Id.*).
12         Plaintiff's Response inserts a new—and critical—fact that now shifts this analysis and
13 supports dismissal of all her claims as to LVMPD and its official, Defendant Santons, without
14 prejudice. She now asserts that, even though her criminal charges were dismissed, they were never
15 dismissed with prejudice. She identifies how the Nevada criminal court denied her motion seeking
16 to have criminal charges dismissed with prejudice. Plaintiff then concedes that "the original
17 criminal proceeding" has never "reached final termination." (Pl.'s Resp. 7:3–22, ECF No. 60).
18         This fact about her criminal proceedings not reaching "final termination" is not alleged in
19 the First Amended Complaint. Nonetheless, this fact stems from a court proceeding; proof of this
20 proceeding is attached to Plaintiff's Response as Exhibit A; and it is undisputed among the parties.
21 *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). So the Court can take judicial notice
22 of this criminal proceeding and properly rely on it when deciding dismissal. In fact, the Court can
23 take judicial notice of the full criminal docket, which shows that the State opposed her motion to
24 dismiss charges with prejudice. *See Anderson v. United States*, No. 2:18-cv-02173-JAD-EJY, 2020

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 3 of 10

U.S. Dist. LEXIS 235286, at *3 n.10 (D. Nev. Dec. 15, 2020) ("I take judicial notice of the docket and documents filed in Anderson's criminal matter underlying this lawsuit"); **Ex. B** to LVMPD's Reply, Docket of Crim. Proceedings.[2]

Plaintiff's view is that this lack of dismissal with prejudice means her civil claims *technically* have still not begun to accrue. So, according to Plaintiff, the absence of accrual at this time means two years have not passed for purposes of NRS 41.036 and, thus, she timely notified LVMPD of these claims.

But, when considering Plaintiff's concession that her malicious prosecution claim has not yet begun to accrue for purposes of NRS 41.036 because "the original criminal proceeding" has never "reached final termination," then Plaintiff cannot proceed with Count VII at all yet. *Best v. Beresford*, No. 3:18-cv-00554-RCJ-WGC, 2019 U.S. Dist. LEXIS 57557, at *13 (D. Nev. Feb. 27, 2019). Her position establishes that she has not received "favorable termination" as required for her Nevada common law malicious prosecution claim against both LVMPD and its official, Defendant Santos. *Id.* ("Therefore, his claim has not yet accrued, and his malicious prosecution claims should be dismissed without prejudice. Plaintiff may re-file them once they have accrued, i.e., if and when he receives a favorable termination of the criminal proceeding in his favor.").

Stated differently, Plaintiff's malicious prosecution claim contains a necessary element that the criminal proceedings against her were terminated in her favor.[3] *Bradford v. Scherschligt*, 803

---

[2] LVMPD is referring to this Exhibit as "B" to keep it in consecutive order with LVMPD's Motion to Dismiss, which already contains an Exhibit A.

[3] *Thomas v. State Dep't of Pub. Safety*, No. CV07-00382 SOM/LEK, 2008 U.S. Dist. LEXIS 40556, at *17 (D. Haw. May 16, 2008) ("It is undisputed that Thomas's assault charge was dismissed without prejudice on a procedural ground, meaning that Thomas could still be charged with an assault arising out of the same facts. Such a dismissal is insufficient to satisfy the first prong of the test for malicious prosecution, as it does not demonstrate that the state court criminal charge was terminated in Thomas's favor on the merits."); *Jordan v. Bailey*, 944 P.2d 828, 834 (Nev. 1997) (citing an element of "malicious prosecution" under Nevada law being "termination of the prior criminal proceedings"); *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002).

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 4 of 10

F.3d 382, 388 (9th Cir. 2015). A dismissal without prejudice, however, allows the government "to reindict based on the same or similar charges." *See United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988). Thus, a dismissal of criminal charges *without* prejudice is not characteristically a "favorable termination" for purposes of satisfying this necessary element to a malicious prosecution claim. *Bradford*, 803 F.3d at 388 ("The court noted that a malicious prosecution claim does not accrue until the proceedings against the plaintiff have terminated in such manner that [they] cannot be revived. We find this reasoning persuasive."); *Heck v. Humphrey*, 114 S. Ct. 2364, 2374 (1994) ("Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."); *Manansingh v. United States*, No. 2:20-cv-01139-DWM, 2024 U.S. Dist. LEXIS 70260, at *20 (D. Nev. Apr. 15, 2024) (discussing how favorable termination means the "prosecution ended" without a conviction and the demanding standard imposed by Nevada common law to establish this element). To be sure, Plaintiff's Response confirms as much for her specific circumstances by stating "the original criminal proceeding" has never "reached final termination." (Pl.'s Resp. 7:3–22, ECF No. 60).

Moreover, Plaintiff's concession about her criminal proceedings affects all her claims against LVMPD and Defendant Santos, not just her malicious prosecution claim under Nevada common law in Count VII. Indeed, as cited above, her federal claims also require that she prove "favorable termination" of criminal proceedings. As a result, Plaintiff's Count VII, Count VI, and Count III are subject to dismissal without prejudice at this time.

**B.    Plaintiff Did Not Timely Provide LVMPD With Notice of This Lawsuit and Therefore, In Accord with Nevada Revised Statute 41.036, Cannot Proceed with Nevada State Law Claims against LVMPD.**

Even if the Court holds that Plaintiff can proceed with her Nevada common law malicious

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 5 of 10

prosecution claim in Count VII at this time because the claim began to accrue when the charges were "dismissed," then case law establishes the accrual date for that claim as the date of dismissal. Here, that date is December 19, 2022, as stated in Plaintiff's allegations.

Plaintiff's Response provides no evidence or argument to establish that she provided LVMPD with notice of Count VII or her intent to bring civil claims within two years of this accrual date. LVMPD, by contrast, shows it did not receive such timely notice. *See* **Ex. A** to LVMPD Defs.' Mot. Dismiss, Decl. Marleen Srok, ECF No. 44-1.

Plaintiff's Response argues that LVMPD received timely notice for purposes of NRS 41.036 because Plaintiff filed her Complaint on December 19, 2024. But case law expressly rejects that position. Notice for purposes of NRS 41.036 does not occur simply because a complaint is on file with a court:

> This is the crux of the parties' argument. Indeed, giving notice to LVMPD and Clark County was not a prerequisite to plaintiffs initiating litigation. But plaintiffs nonetheless needed to provide notice by service within two years of the claims' accrual. Here, plaintiffs waited to file until exactly two years after the incident. The statute [NRS 41.036] contains no built-in grace period, and plaintiffs did not serve the complaint on defendants until weeks later. Plaintiffs failed to give Clark County and LVMPD sufficient notice of their state law tort claims within the two-year accrual period as required by NRS 41A.036. Plaintiffs' state law tort claims against Clark County and LVMPD must therefore be dismissed.

*Guillory v. Las Vegas Metro. Police Dep't*, No. 2:23-CV-2010 JCM (BNW), 2025 U.S. Dist. LEXIS 43590, at *9 (D. Nev. Mar. 10, 2025); *Hartrim v. Las Vegas Metro. Police Dep't*, No. 2:11-cv-00003-RLH-PAL, 2011 U.S. Dist. LEXIS 74945, at *7 (D. Nev. July 8, 2011) (same). Notice for purposes of NRS 41.036 occurs only through service of the Complaint on LVMPD or written letter to LVMPD advising of the intent to bring claims. Plaintiff never completed either form of notice within two years of December 19, 2022.

Additionally, LVMPD did not receive the required timely notice for purposes of NRS 41.036 even though Plaintiff served Defendant Santos with the Complaint. There are three reasons

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 6 of 10

for that conclusion. First, Plaintiff did not serve Santos within two years of the December 19, 2022 accrual date; she served Santos for the first time on April 8, 2025. Second, as Plaintiff stated in her first Motion to extend the service deadline, Plaintiff does not have records showing that LVMPD received actual notice of this case or notice of Plaintiff's intent to file it until after the initial service deadline already expired. (Mot. Extend 2:6–28, ECF No. 20) (declaring that "[u]pon information and belief, the named Defendants in this case have not been served with either the Complaint or First Amended Complaint" as of March 20, 2025). Third, the April 8, 2025 service on "A. Santos" occurred to her in Texas, not to LVMPD at its headquarters or associated addresses.

For these reasons, there is no support that LVMPD received notice for purposes of NRS 41.036 within two years of the accrual date of Plaintiff's malicious prosecution claim in Count VII. NRS 41.036 therefore bars Count VII as a matter of law as to LVMPD and requires its dismissal with prejudice.

**C.    Plaintiff's Allegations Do Not Plausibly Support a Theory of Municipal Liability against LVMPD As Is Asserted in Count VI of the First Amended Complaint.**

At the outset, Plaintiff's current allegations do not plausibly establish a violation of her constitutional rights because, as discussed above, she has now conceded that she cannot establish the necessary element to a malicious prosecution claim of "favorable termination" of criminal proceedings. Because the First Amended Complaint does not plausibly allege a violation of her constitutional rights through malicious prosecution, her *Monell* claim necessarily fails as to LVMPD. *Lockett v. Cty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020) ("*Monell* claims thus require a plaintiff to show an underlying constitutional violation.").

Besides, Plaintiff's Response does not identify a basis to overcome LVMPD's arguments for dismissal of her *Monell* claim due to the supporting allegations' conclusory nature. She simply repeats the conclusory, generalized allegations that make up her First Amended Complaint. (Pl.'s

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 7 of 10

Resp. 9:12–11:13, ECF No. 60) (incorrectly arguing that she plausibly alleged the *Monell* claim because she "pled that LVMPD did not have 'adequate procedures and policies in place to prevent deliberate false statements and omissions of material facts from being presented in police reports by LVMPD detectives,'" "pled that this custom of the LVMPD was the moving force behind the deprivation of her constitutional right," and "Plaintiff has pled that Defendant Santos' conduct conformed to this custom").

Plaintiff errs when arguing that she "is not required to show a pattern of 'similar constitutional violations by untrained employees'" when trying to bring her *Monell* theory against LVMPD based on a failure to properly train officials to not fabricate evidence. (Pl.'s Resp. 10:6–7, ECF No. 60). Her own citation to *Martinez v. Los Angeles Police Dep't*, No. 22-15509, 2024 WL 3534489 (9th Cir. July 25, 2024), refutes that position. No. 22-15509, 2024 U.S. App. LEXIS 18354, at *3 (9th Cir. July 25, 2024) (affirming judgment against the plaintiff on a *Monell* claim because "[the plaintiff] has introduced no evidence that this purported failure to train has produced a pattern of constitutional violations").

Further, as LVMPD argued in its Motion, Plaintiff cannot create a viable *Monell* claim by asserting that LVMPD did not train its officers to not engage in clearly unlawful conduct of fabricating evidence to support criminal charges against a person. (LVMPD's Mot. Dismiss 9:3–10:6, ECF No. 44); *see also Martinez*, No. 22-15509, 2024 U.S. App. LEXIS 18354, at *4 (rejecting the plaintiff's *Monell* theory that the claim can exist because it was "patently obvious" that officers would violate the plaintiff's rights without a better training program "to train its employees to take steps to ensure that an arresting agency properly compared an arrested suspect's identifying information against the identifying information contained in a warrant abstract that LAPD had sent to an outside police department").

Altogether, Plaintiff's Response tries to evade dismissal of her *Monell* claim against

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 8 of 10

LVMPD only by repeating the same conclusory allegations in the First Amended Complaint. Such allegations are not enough to proceed with a *Monell* claim past the pleadings stage.

### D. The Court Should Dismiss This Lawsuit as to LVMPD Because Plaintiff Did Not Timely Complete Service of Process against LVMPD and Plaintiff Has Not Shown Good Cause or Excusable Neglect to Extend the Deadline.

Plaintiff incorrectly argues that there is good cause and excusable neglect for the Court to retroactively extend the time for Plaintiff to serve LVMPD and declare that Plaintiff's service attempt on May 14, 2025. For the same reasons LVMPD argued in its Response, (ECF No. 43), opposing Plaintiff's Motion to extend the time to complete service on LVMPD, Plaintiff's current arguments still fail to meet the good cause and excusable neglect standard.

Accordingly, Plaintiff's claims cannot proceed against LVMPD even if any of Plaintiff's claims are plausibly alleged in the First Amended Complaint. Dismissal of LVMPD is the proper outcome based on these unique circumstances—where LVMPD did not receive notice of this case until five years and eight months already went by since the underlying conduct at issue in this case.

### III. CONCLUSION

For the reasons stated in the Motion to Dismiss and this Reply, the Court should dismiss Plaintiff's Count VII, Count VI, and Count III, which proceed against LVMPD and its official, Defendant Santos.

DATED this 31st day of July, 2025.

KAEMPFER CROWELL

By: */s/ Lyssa S. Anderson*
LYSSA S. ANDERSON (Nevada Bar No. 5781)
KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
**Attorneys for Defendants Angie Santos and Las Vegas Metropolitan Police Department**

**Index of Exhibits**
**Ex. B** - Docket of Crim. Proceedings

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 9 of 10

# CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **LVMPD'S REPLY IN SUPPORT OF THE MOTION TO DISMISS [ECF No. 44]** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

| | |
|---|---|
| Antonio M. Romanucci, *pro hac vice* <br> Patrick Driscoll, *pro hac vice* <br> Colton Johnson Taylor, *pro hac vice* <br> ROMANUCCI & BLANDIN <br> 321 North Clark St., Ste. 900 <br> Chicago, IL 60654 <br> Phone: 312−458−1000 <br> Fax: 312−458−1004 <br> aromanucci@rblaw.net <br> pdriscoll@rblaw.net <br> cjohnson@rblaw.net <br><br> *Attorneys for Plaintiff* | Robert W. Freeman <br> Frank A. Toddre, II <br> E. Matthew Freeman <br> LEWIS BRISBOIS BISGAARD & SMITH <br> 6385 S. Rainbow Blvd., Ste. 600 <br> Las Vegas, Nevada 89118 <br> Telephone: 702.893.3383 <br> Facsimile: 702.893.3789 <br> Robert.Freeman@lewisbrisbois.com <br> Frank.Toddre@lewisbrisbois.com <br> Matt.Freeman@lewisbrisbois.com <br><br> *Attorneys for Defendants* <br> *Dr. Jennifer Corneal and County of Clark* |

Paul S. Padda
PAUL PADDA LAW
4560 South Decatur Blvd., Ste. 300
Las Vegas, NV 89103
Phone: (702) 366−1888
Fax: 702−366−1940
psp@paulpaddalaw.com

*Attorneys for Plaintiff*

DATED this 31st day of July, 2025.

/s/ _____
an employee of Kaempfer Crowell

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 10 of 10