LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
TRAVIS C. STUDDARD
Nevada Bar No. 16454
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
tstuddard@kcnvlaw.com
*Attorneys for Defendants Angie Santos and Las Vegas Metropolitan Police Department*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KRISTINA KERLUS, individually, <br><br> Plaintiff, <br><br> vs. <br><br> DR. JENNIFER CORNEAL, in her individual capacity; A. SANTOS, in her individual capacity; CITY OF LAS VEGAS, a Municipal corporation; and COUNTY OF CLARK, a Municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, jointly and severally <br><br> Defendants. | Case No.: 2:24-cv-02352-APG-DJA <br><br> **LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br> **[ECF No. 58]** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Angie Santos ("Santos") (collectively "LVMPD Defendants") file this response in opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, (ECF No. 58).

/ / /

/ / /

/ / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 1 of 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should deny Plaintiff's Motion for Leave to File a Second Amended Complaint because the Motion does not identify any of the specific changes that the Second Amended Complaint makes compared to the currently governing First Amended Complaint ("FAC"). This absence of identified changes goes against the basic procedural rule contemplated by Rule 7—namely, that the Motion states "with particularity the grounds for seeking the order and state[s] the relief sought." So, while FRCP 15(a)(2) allows for leave to amend to be "freely give[n] when justice so requires," Plaintiff can only amend the FAC if Plaintiff first fulfills all procedural requirements. And, Plaintiff's Motion fails to meet FRCP 7's requirement because it does not identify the specific changes Plaintiff' seeks to make through the Second Amended Complaint.

Stated differently, Plaintiff fails to explain to the Court or LVMPD Defendants what she is changing, how those changes address any prior deficiencies, or why amendment is warranted at this stage. This explanation by Plaintiff is necessary in order for the Court and LVMPD Defendants to fairly analyze the basis for amendment and grounds to oppose amendment, if any. Now, however, determining Plaintiff's proposed changes requires both counsel and the Court to perform a line-by-line comparison with the First Amended Complaint (ECF No. 7)—an exercise not contemplated by the Federal Rules of Civil Procedure or accepted by Courts.

## II. PROCEDURAL HISTORY

This case began on alleged unauthorized grounds through a Complaint filed on December 17, 2024, (ECF No. 1), without Plaintiff Kristina Kerlus's knowledge or consent. This initial Complaint named as defendants a detective (Defendant Santos) employed by the "Las Vegas Metropolitan Police Department," a pathologist (Dr. Corneal) employed by the Clark County Coroner's Office, Clark County, and the City of Las Vegas. Santos Law, PLLC, and the Mueller

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 2 of 8

Law Firm were listed as counsel of record for Plaintiff with this pleading. The First Amended Complaint ("FAC") filed two days later, (ECF No. 7), was also allegedly filed without Plaintiff's consent, then added LVMPD as another defendant.

### A. The Court Receives a Letter Alerting It That Plaintiff Never Authorized the Filing of Her Complaint.

Roughly two weeks after filing this lawsuit, another law firm (Romanucci & Blandin, LLC) submitted a letter, (ECF No. 8), to the Court explaining that the Complaint was "done without Ms. Kerlus's knowledge or consent" and without a signed attorney-client agreement. This letter asked for the Court's guidance on how to withdraw the pleading but without prejudicing Plaintiff's claims. The Magistrate Judge issued a Minute Order explaining that the letter was improperly filed because it needed to be "styled as a motion, not a letter" and that the Court cannot give legal advice.

### B. Two Months After Alerting the Court That the Complaint Was Not Filed with Plaintiff's Permission, the Law Firm That Filed the Complaint Withdraws from the Case.

Magistrate Judge Koppe issued the Minute Order on January 10, 2025, but no attorneys representing Plaintiff took any action until two months later when, on March 13, 2025, Santos Law, PLLC moved to withdraw from the case. Four days later, Paul Padda Law, PLLC appeared as counsel for Plaintiff. ECF No. 13.

### C. Plaintiff Files Her First Request for an Extension of Time to Serve the Defendants.

Ninety-one days after filing the FAC, Plaintiff filed a Motion seeking an extension of time to serve the named defendants. ECF No. 20. But before the Court granted that motion, Plaintiff served the named defendants Clark County, Jennifer Corneal, and "A. Santos" in Texas. ECF Nos. 31–33.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 3 of 8

LVMPD was not served. Magistrate Judge Albregts noted this lack of service on May 8, 2025, when granting Plaintiff's motion and considering service timely as to the other defendants. ECF No. 38 ("The Court notes, however, that Plaintiff has not filed any proof of service on the docket for Las Vegas Metropolitan Police Department.").

**D.    Plaintiff Files a Second Request for an Extension of Time to Serve LVMPD.**

On May 12, 2025, Plaintiff filed a second motion seeking another extension of time to serve LVMPD with process. The still-pending Motion states that the previous lack of service as to LVMPD occurred because of an "oversight" after "the rush to timely complete service before the court's initial deadline of April 16, 2025." ECF No. 40. Despite not having the Court's approval to serve LVMPD past the already-expired deadline, Plaintiff provided LVMPD with the FAC and summons on May 14, 2025. ECF No. 42.

**E.    The Second Request for an Extension of Time is Fully Briefed and Plaintiff Again Attempts to Amend her Complaint.**

Next, LVMPD Defendants filed a Response to Plaintiff's second Motion for an extension of time and a Motion to Dismiss Plaintiff's FAC. ECF Nos. 43–44. The Court also granted the parties' two Stipulations to extend the time for which Plaintiff was to respond to the motion to dismiss Plaintiff's FAC. ECF Nos. 53, 55.

After LVMPD Defendants filed their Motion to Dismiss, Plaintiff filed the at-issue Motion for Leave to File Second Amended Complaint (ECF No. 58), followed by a response to LVMPD's Motion to Dismiss. ECF No. 60. Plaintiff's proposed Second Amended Complaint at ECF No. 58-1 is five pages longer than her FAC, but the Motion for Leave does not explain what those changes are.

/ / /

/ / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 4 of 8

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15 instructs that "the court should freely give leave when justice so requires" to a party that requests to amend its pleading. Rule 15, however, must be read alongside Rule 7(b), which requires that a motion "state with particularity the grounds for seeking the order and state the relief sought." *See generally Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1978) (stating that the particularity requirement of Rule 7(b) applies to motions to amend under Rule 15(a)). The specificity requirement of Rule 7(b) "must be applied so as to provide the opposing party with sufficient information to respond, and the Court with sufficient information to rule on the motion." *United States v. Vacante*, 717 F. Supp. 2d 992, 1019 (E.D. Cal. 2010) (citations omitted).

### IV. ARGUMENT

**A. Plaintiff's Motion Fails to Identify Proposed Changes Through Amendment with Particularity, Which Improperly Requires the Court and Defendants to Guess What Plaintiff's Proposed Changes Are.**

The Court should deny Plaintiff's Motion because it violates Rule 7(b)(1). The Motion does not provide notice to the Court or LVMPD Defendants of the specific changes Plaintiff seeks to make to her FAC through the proposed SAC. As the Ninth Circuit has emphasized, "judges are not like pigs, hunting for truffles buried in briefs." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

The same principle applies here: it is not the job of the Court nor fair to opposing counsel to sift through Plaintiff's FAC and proposed SAC to determine what Plaintiff is asking the Court for leave to change. Plaintiff has the burden to identify the amendments she seeks to make in her SAC as she "is in the best position to identify changes" and "requiring the Court or opposing counsel to do this [ ] is untenable." *Wilborn v. Wolf*, No. 20cv1981-LAB (BGS), 2021 U.S. Dist. LEXIS 24737, at *3 (S.D. Cal. Feb. 8, 2021).

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 5 of 8

In *Llavata v. Morrow*, the plaintiff sought leave to amend his complaint, but only identified substituting a named defendant in place of a John Doe, while not mentioning other proposed changes. No. 2:11-cv-00250-GMN-CWH, 2012 U.S. Dist. LEXIS 187554 (D. Nev. Oct. 22, 2012). The *Llavata* court permitted amendment only to the extent the plaintiff specifically identified the proposed change—substituting a named defendant for a John Doe. *Id.* at *4. At the same time, the court denied leave to amend the other changes because they were not identified in the motion. *Id.* at *3–*4.

Further, in *Mittal v. Cty. of Clark*, the plaintiff's motion for leave to amend his complaint contained "conclusory statements regarding amended complaints" and his proposed amended complaint was three pages longer than his previous complaint. *Id.* at *2. The court denied the plaintiff's motion because it failed "to identify how amendment would cure the deficiencies noted in the court's" order dismissing the plaintiff's complaint for failure to state a claim. No. 2:15-CV-1037-KJD-VCF, 2017 U.S. Dist. LEXIS 68283, at *1 (D. Nev. May 4, 2017).

Here, Plaintiff's Motion neither identifies any proposed changes nor explains how those changes would cure the deficiencies in the FAC—deficiencies that LVMPD Defendants identified in their Motion to Dismiss, (ECF No. 44). Rule 7 requires litigants to "state with particularity the grounds for seeking" a court order and to "state the relief sought," but the Motion addresses neither. Granting leave to amend under these circumstances would unfairly prejudice LVMPD Defendants, as Plaintiff offers her SAC only after seeing the substance of LVMPD Defendant's Motion to Dismiss. In accord with Rule 7 and the reasoning in *Llavata* and *Mittal*, LVMPD Defendants respectfully request that the Court deny Plaintiff's Motion in full without prejudice for failing to identify her proposed changes.

/ / /

/ / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.335

Page 6 of 8

## V. CONCLUSION

Based on the foregoing, LVMPD Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint.

DATED this 31st day of July, 2025.

                KAEMPFER CROWELL

By:   /s/ Lyssa S. Anderson
      LYSSA S. ANDERSON (Nevada Bar No. 5781)
      KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
      TRAVIS C. STUDDARD (Nevada Bar No. 16454)
      1980 Festival Plaza Drive, Suite 650
      Las Vegas, Nevada 89135

*Attorneys for Defendants*
*Angie Santos and*
*Las Vegas Metropolitan Police Department*

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 7 of 8

# CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF No. 58]** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

| | |
|---|---|
| Antonio M. Romanucci, *pro hac vice*<br>Patrick Driscoll, *pro hac vice*<br>Colton Johnson Taylor, *pro hac vice*<br>ROMANUCCI & BLANDIN<br>321 North Clark St., Ste. 900<br>Chicago, IL 60654<br>Phone: 312−458−1000<br>Fax: 312−458−1004<br>aromanucci@rblaw.net<br>pdriscoll@rblaw.net<br>cjohnson@rblaw.net<br><br>*Attorneys for Plaintiff* | Robert W. Freeman<br>Frank A. Toddre, II<br>E. Matthew Freeman<br>LEWIS BRISBOIS BISGAARD & SMITH<br>6385 S. Rainbow Blvd., Ste. 600<br>Las Vegas, Nevada 89118<br>Telephone: 702.893.3383<br>Facsimile: 702.893.3789<br>Robert.Freeman@lewisbrisbois.com<br>Frank.Toddre@lewisbrisbois.com<br>Matt.Freeman@lewisbrisbois.com<br><br>*Attorneys for Defendants*<br>*Dr. Jennifer Corneal and County of Clark* |

Paul S. Padda
PAUL PADDA LAW
4560 South Decatur Blvd., Ste. 300
Las Vegas, NV 89103
Phone: (702) 366−1888
Fax: 702−366−1940
psp@paulpaddalaw.com

*Attorneys for Plaintiff*

DATED this 31st day of July, 2025.

/s/ _____
an employee of Kaempfer Crowell

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.335

Page 8 of 8