PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
**-and-**
ANTONIO M. ROMANUCCI, ESQ. (Admitted PHV)
Email: aromanucci@rblaw.net
PATRICK DRISCOLL, ESQ. (Admitted PHV)
Email: pdriscoll@rblaw.net
COLTON M. JOHNSON TAYLOR (Admitted PHV)
cjohnson@rblaw.net
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Tele: (312) 458-1000

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KRISTINA KERLUS, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> DR. JENNIFER CORNEAL, in her individual capacity; A. SANTOS, in her individual capacity; CITY OF LAS VEGAS, a municipal corporation; COUNTY OF CLARK, a municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; jointly and severally, <br><br> Defendants. | Case No. 2:24-cv-02352 <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

1

Plaintiff, Kristina Kerlus, by and through her counsel, file this reply to Defendant's response in opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, (ECF No. 64).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LEGAL STANDARD

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F. 3d. 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLc v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* <u>Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted.</u> *Id*. (*emphasis added*). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The party opposing the amendment bears the burden of showing why leave should be denied. *Underwood v, O'Reilly Auto Enterps., LLC*, 342 F.R.D. 338, 343 n. 2 (D. Nev. 2022).

## II. ARGUMENT

The Court should grant Plaintiff's Motion for Leave to File a Second Amended Complaint because Defendants have not made a showing of prejudice or a strong showing of any other factor for why Plaintiff's Motion should be denied. Instead, Defendants weigh a liberal interpretation of the general Rule governing motions, FRCP 7, over a strict reading of the specific rule governing the amendment of pleadings, FRCP 15(a)(2). Furthermore, Defendants attempt to assign Plaintiff the burden to redline its changes to the rogue attorney's complaint without citing an authority assigning that burden to a Plaintiff amending their complaint other than *Wilborn v. Wolf*, No. 20cv1981-LAB (BGS, 2021 U.S. Dist. LEXIS 24737, at *3 (S.D. Cal. Feb. 8, 2021), an unpublished trial court Order from the United States District Court for the Southern District of California. In that Order, the Court was addressing the failure to comply with a local rule for the Southern District of California, Civil Local Rule 15.1(b).

Defendants also cites *Llavata v. Morrow*, No. 2:11-cv-00250-GMN-CWH, 2012 U.S. Dist. LEXIS 187554 (D. Nev. Oct. 22, 2012) and *Mittal v. City of Clark*, No. 2-15-CV-1037-KJD-VCF, 2017 U.S. Dist. LEXIS 68283, at *1 (D. Nv. May 4, 2017), which are both inapposite.

In *Llvata*, the court entered an order directing the Plaintiff permitting the Plaintiff to replace defendant John Doe Number One with the Doe defendant's real identity. Despite the court ordering Plaintiff to make a specific amendment, the plaintiff subtly amended its complaint without leave of the court. The defendant and the court's issue with the plaintiff's actions in *Llavata* was not that he had a duty to identify changes between each iteration of the complaint, but that he did not seek permission to amend the complaint outside of identifying the defendant's real identity. No such duty to identify changes in a complaint exist in this jurisdiction.

3

In *Mittal v. City of Clark*, No. 2-15-CV-1037-KJD-VCF, 2017 U.S. Dist. LEXIS 68283 (D. Nv. May 4, 2017), the plaintiff's complaint was dismissed for failure to state a claim and that the plaintiff's claim was barred because it directly challenged the state court's orders. Plaintiff's "motion for leave to amend his complaint is denied, because the motion fails to identify how the amendment would cure the deficiencies noted in the Court's order." *Id*. at *1. Again, here there is no Order that Plaintiff is required to comply with. Both cases Defendants cite from this jurisdiction to advance their argument that Plaintiff has a duty to identify changes to the complaint do not support that contention.

Because there is no rule that requires Plaintiff to identify changes made in amending a complaint in this jurisdiction, and because Defendant has failed to demonstrate any prejudice or any other reason for denying Plaintiff's Motion, Plaintiff should be permitted to amend its Complaint.

### III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to File its Second Amended Complaint.

Dated: August 7, 2025

Respectfully submitted,

ROMANUCCI & BLANDIN

/s/ Patrick A. Driscoll
Antonio M. Romanucci (*pro hac vice*)
Patrick J. Driscoll (*pro hac vice*)
Colton M. Johnson Taylor (*pro hac vice*)
321 N. Clark St. Ste. 900
Chicago, IL 60610

4

***Attorney's for Plaintiff***

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

**CERTIFICATE OF SERVICE**

    Pursuant to the Federal Rules of Civil Procedure, the undersigned hereby certifies that on this day, August 7, 2025, a copy of the foregoing document was filed with the Court and a copy served upon all respective parties and their counsel through the Court's electronic filing system.

                                                                  /s/ Patrick J. Driscoll
                                                                  Patrick J. Driscoll
                                                                  Attorney for Plaintiff