UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Kristina Kerlus, | Case No. 2:24-cv-02352-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Dr. Jennifer Corneal, et al., | |
| Defendants. | |

Before the Court is Plaintiff Kristina Kerlus' motion to extend time to serve Defendant Las Vegas Metropolitan Police Department ("LVMPD") (ECF No. 40) and motion to amend her complaint (ECF No. 58). Because the Court finds that Plaintiff has shown good cause and excusable neglect, it grants the motion to extend time. Because the Court finds that Plaintiff has not demonstrated why the Court should provide her leave to amend, it denies the motion to amend without prejudice.

**I.      Plaintiff's motion to extend time for service.**

Plaintiff moves to extend the deadline for her to serve LVMPD. She explains that her failure to timely serve LVMPD arose out of confusion at the beginning of the case regarding who represented her and then counsel's inadvertence. Plaintiff points out that the original complaint—filed December 17, 2024—and the first amended complaint—filed December 19, 2024—were filed by a law firm without her consent. Plaintiff then retained her current counsel, who appeared in this action on March 19, 2025. Plaintiff's counsel moved to extend the service deadline (ECF No. 20), which motion the Court granted (ECF No. 38) while noting that "Plaintiff has not filed any proof of service on the docket for [LVMPD]." A few days after the Court entered that order, Plaintiff filed a proposed summons for LVMPD and filed the instant motion to extend time, explaining that "in the rush to timely complete service before the court's initial deadline on April

1  16, 2025, undersigned counsel neglected to file a proposed summons for Defendant Las Vegas Metropolitan Police Department." (ECF No. 40). Plaintiff adds that LVMPD likely had notice of the action because Plaintiff already served one of its employees.

LVMPD opposes the motion, arguing that attorney oversight is not sufficient to constitute good cause or excusable neglect. (ECF No. 43). LVMPD adds that it would be prejudiced by the extension given the fact that the underlying facts in this case took place in 2019 and Plaintiff filed her original complaint the day the statute of limitations passed. LVMPD points out that Plaintiff has provided no basis for her statement that LVMPD has notice of the action by virtue of its employee.

Under Rule 4(m), a plaintiff must serve a defendant within 90 days after the pleading is filed and failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing *In re Sheehan,* 253 F.3d 507, 512 (9th Cir. 2001)). The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. *Id.* (citing *Sheehan*, at 512, 514).

Under the first, mandatory avenue for relief, the Ninth Circuit has recognized that "courts must determine whether good cause for the delay has been shown on a case by case basis. *In re Sheehan*, 253 F.3d at 512. Good cause, at a minimum, means excusable neglect. *See Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991). A plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

Under the second, discretionary avenue for relief, the Ninth Circuit has not articulated a specific test a court must apply in exercising its discretion. *In re Sheehan*, 235 F.3d at 513. However, the Ninth Circuit has noted that the court's discretion is broad. *Id.* And in *Lemoge v. U.S.*, the Ninth Circuit provided that "[e]xercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of

1  the action." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).  The *Lemoge* court also

2  considered that the plaintiff in that instance had demonstrated excusable neglect under the four-

3  part test articulated in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394

4  (1993).  *Id.* at 1192, 1198.  Under that test, courts examine: (1) the danger of prejudice to the

5  opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the

6  reason for the delay, including whether it was within the reasonable control of the movant; and

7  (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*,

8  507 U.S. at 395.

   Here, the Court finds that Plaintiff has shown good cause and excusable neglect for the extension she seeks. [1]  Considering the factors the Ninth Circuit set out in *in re Sheehan*, the court finds that Plaintiff has shown good cause.  First, while LVMPD casts doubt on whether it

---

[1] LVMPD points to the unpublished Ninth Circuit case *Even v. Hebel* and the published case *Wei v. State of Hawaii* for the proposition that inadvertence of counsel is not sufficient to constitute good cause or excusable neglect.  *Even v. Hebel*, No. 24-3726, 2025 U.S. App. LEXIS 11803, at *3-4 (9th Cir. May 15, 2025) ("[f]ailure by counsel to promptly litigate a case and adhere to deadlines does not constitute good cause"); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) ("inadvertence of Wei's counsel…does not qualify as good cause for Wei's failure to comply with Rule 4(j)").  But those cases are distinguishable.

First, the *Even* court did not go into great detail regarding the circumstances surrounding the plaintiff's failure to timely serve the defendant, making it difficult for the court to analogize it to the case at hand.  *See Even*, 2025 U.S. App. LEXIS 11803, at *3-4.

Second, *Wei* is an older case and considered a previous version of Federal Rule of Civil Procedure 4.  *See Wei*, 763 F.2d at 372.  Since *Wei*, the Ninth Circuit has recognized that "[e]xcusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence." *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)).  Additionally, the failure to timely serve in *Wei* was attributable to the attorney's inadvertent failure to calendar the service deadline alone and the plaintiff "did not contend that either he or his attorney attempted to serve the defendants…was confused about the requirements for service of process…or was prevented from effecting service within the 120 day limit by factors beyond his control." *Wei*, 763 F.2d at 372 (internal citations omitted).  However, here, while counsel's failure to file a proposed summons for LVMPD was inadvertent like the mistake in *Wei*, it was compounded by factors apparently outside of counsel's control, including the rush in which counsel had to complete service given the confusion regarding Plaintiff's representation at the beginning of the case.  So, unlike the attorney in *Wei*, whose only excuse was inadvertence, here, counsel also has the excuse that separate counsel filed an unauthorized complaint at the beginning of this matter.  *Wei* is therefore distinguishable.

1  received notice of the action through its employee, LVMPD has ultimately received notice of this
2  action given its appearance.  Second, although LVMPD asserts that it will be prejudiced by
3  defending a lawsuit regarding things that took place in 2019, that prejudice is outweighed by the
4  third factor, the prejudice to Plaintiff.  Plaintiff indicates that, if her complaint were to be
5  dismissed as to LVMPD, she would be barred by the statute of limitations to bring it again,
6  resulting in severe prejudice.  Plaintiff has shown good cause.

7  But even if Plaintiff had not shown good cause, Plaintiff has shown excusable neglect.  As
8  the Court has already noted, the statute of limitations bar may prevent Plaintiff from re-filing her
9  action, making the Court's exercise of its discretion appropriate under the Ninth Circuit's analysis
10 in *Lemoge*.  Considering the *Pioneer* factors also leads the Court to determine that exercising its
11 discretion to allow an extension is appropriate.  First, the Court has already considered LVMPD's
12 assertion that it would experience prejudice by defending against a lawsuit involving older
13 claims.  However, considering the second factor, the length of the delay in service is only really a
14 matter of days.  As Plaintiff points out, Plaintiff obtained an extension of the service deadline on
15 May 8, 2025, but inadvertently forgot to include LVMPD in that request.  Only a few days later
16 did Plaintiff move to extend the service deadline on LVMPD to May 14, 2025.  Given the fact
17 that the Court already granted Plaintiff an extension of time to serve the other parties in this suit,
18 extending that deadline for LVMPD will not unduly impact the proceedings.  Third, Plaintiff's
19 reason for the delay is that, in the rush to correct the mistakes of prior counsel, Plaintiff's current
20 counsel inadvertently failed to include LVMPD.  So, while Plaintiff's counsel has conceded their
21 role in failing to serve LVMPD, there is a factor outside of Plaintiff's counsel's control that led to
22 the delay.  Fourth, there is no indication of bad faith.  The Court therefore finds that Plaintiff has
23 shown good cause and excusable neglect to extend the service deadline and grants Plaintiff's
24 motion.  The Court will deem Plaintiff's service on LVMPD as of May 14, 2025, to be timely.
25 (ECF No. 42).

26 **II.      Plaintiff's motion to amend her complaint.**

27 Plaintiff moves to amend her complaint so that she may proceed on a complaint filed by
28 her retained counsel.  (ECF No. 58).  LVMPD opposes the motion, arguing that Plaintiff did not

identify the changes she made to her original complaint in her motion, forcing LVMPD and the Court to compare the complaints line by line to know what changes Plaintiff is proposing. (ECF No. 64). Plaintiff replies that there is no requirement for her to redline her changes to the previous attorney's complaint. (ECF No. 65).

LVMPD has the better argument. At this stage in the litigation, Plaintiff may only amend her complaint with the opposing party's written consent or the Court's leave. *See* Fed. R. Civ. 15(a)(2). While the Court should freely give leave when justice so requires, Plaintiff should explain why justice so requires the Court to grant this leave in her motion. *See* Fed. R. Civ. P. 15(a)(2). The Court lacks the resources to compare Plaintiff's previous complaint with her new one to determine what changes she is proposing and why justice requires that the Court permit those changes. So, the Court denies Plaintiff's motion to amend her complaint without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time (ECF No. 40) is **granted.** The Court will deem Plaintiff's May 14, 2025, service on LVMPD to be timely.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend her complaint (ECF No. 58) is **denied without prejudice.**

DATED: September 9, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE