PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
**-and-**
ANTONIO M. ROMANUCCI, ESQ. (Admitted PHV)
Email: aromanucci@rblaw.net
JOSHUA M. LEVIN, ESQ. (Admitted PHV)
Email: jlevin@rblaw.net
COLTON JOHNSON TAYLOR, ESQ. (Admitted PHV)
Email: cjohnson@rblaw.net
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Tele: (312) 458-1000

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KRISTINA KERLUS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>DR. JENNIFER CORNEAL, in her individual capacity; ANGIE SANTOS, in her individual capacity; COUNTY OF CLARK, a municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT an independent political subdivision; jointly and severally,<br><br>Defendants. | Case No. 2:24-cv-02352-APG-DJA<br><br>**STIPULATION TO EXTEND DISCOVERY**<br>**(Second Request)** |

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

1

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

Pursuant to LR 26-4 and LR IA 6-1, Plaintiff Kristina Kerlus and Defendants Dr. Jennifer Corneal, County of Clark, Angie Santos, and the Las Vegas Metropolitan Police Department (collectively, "Defendants"), hereby request that the Court enter an order extending the unexpired discovery deadlines in this matter for 120 days. The parties can demonstrate good cause for the extension, as explained below, and the requested extension is being requested within twenty-one (21) days of any deadline. In support of this request, the parties state as follows:

**A.  Statement of Completed Discovery**

To date, all parties have exchanged their initial Rule 26 disclosures and have produced a total of roughly 1,000 documents. Additionally, the parties have conducted extensive written discovery, as described below:

- Defendants Dr. Jennifer Corneal and the County of Clark ("the County Defendants") and Defendants Angie Santos and Las Vegas Metropolitan Police Department ("LVMPD Defendants") have propounded Requests for Production, Interrogatories, and Requests for Admission to Plaintiff. Specifically, the County Defendants propounded 46 Requests for Production, 15 Interrogatories, 41 Requests for Admission to Plaintiff. The LVMPD Defendants have propounded 50 Requests for Production, 25 Interrogatories, and 111 Requests for Admission to Plaintiff.

- Plaintiff has provided written responses to all discovery requests propounded to her. Additionally, Plaintiff has propounded 57 Requests for Production and 16 Interrogatories to the County of Clark. Further, Plaintiff has propounded 50 Requests for Production and 16 Interrogatories to Defendant LVMPD. Finally, Plaintiff has propounded 41 Requests for Production to Defendant Angie Santos and 37 Requests for Production to Defendant Jennifer Corneal. The parties are still in the process of exchanging complete document production in response to the propounded requests.

**B.  Discovery that Remains to be Completed**

The parties must complete written fact discovery, including completing document production in response to the propounded requests. As to oral discovery, the parties anticipate

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

most depositions being scheduled for a period after document production (in response to the requests propounded to date) is substantially complete. The parties anticipate propounding additional discovery requests as depositions proceed and after review of the document productions made in response to the parties' first sets of discovery. This is particularly the case for Plaintiff, whose *Monell* claims involve proving unofficial customs within Defendants County of Clark and LVMPD, which requires substantial written discovery spanning multiple years. Additionally, expert discovery remains to be done. The parties will also serve any necessary third-party subpoenas.

### C. Reasons Why Remaining Discovery Has Not Been Completed.

A standard of "good cause" governs this request because the to-be-extend deadlines have not yet expired. D. Nev. Local Rule 26-3.  Good cause "primarily considers the diligence" of the parties seeking the extension. *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (explaining that "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.") (internal quotations omitted). "Motions for extension must include a statement specifying the discovery completed, a description of discovery remaining, the reasons why the deadline was not satisfied, and a proposed schedule for completing remaining discovery." *Hampton v. Nevada*, No. 2:20-cv-00578-APG-DJA, 2021 WL 3573640, at *2 (D. Nev. July 29, 2021).

Plaintiff filed a Second Amended Complaint ("SAC") on October 14, 2025.  [ECF No. 68].  In response, Defendants filed Motions to Dismiss as their responsive pleadings.  [ECF Nos. 74 and 75].  Briefing on the pending Motions was recently completed on January 13, 2026.  The Motions are now fully briefed and pending a ruling from the Court.  An extension is necessary to allow the Court time to consider the Motions.  Moreover, Plaintiff does not yet have the Defendants' answers or affirmative defenses, which Plaintiff is entitled to take discovery on.

The current discovery plan will not leave the parties enough time to complete the extensive fact discovery, particularly document production, needed for this multi-party case involving complex *Monell* claims. Given the large amount of document production that remains

to be done, the parties have determined that a 120-day extension of the discovery deadlines is necessary to complete fact and expert discovery. This extension will provide sufficient time for the parties to complete document productions for the discovery propounded to date, review of those productions and identification of individuals to be deposed, completion of depositions, and issuance of any remaining written discovery requests. The extension will also provide sufficient time for the parties to complete expert discovery.

### D.  PROPOSED EXTENDED DEADLINES

The parties respectfully request this Court enter an order as follows:

| Deadline | Current Date | Proposed New Date |
|---|---|---|
| Discovery Cut Off | May 27, 2026 | September 24, 2026 |
| Disclosure of Experts | March 30, 2026 | July 27, 2026 |
| Disclosure of Rebuttal Experts | April 29, 2026 | August 26, 2026 |
| Dispositive Motion Deadline: | June 26, 2026 | October 26, 2026 |
| Pre-Trial Order | July 27, 2026 | November 25, 2026 |

**(1)    Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial.  Oppositions shall be filed and served 14 days thereafter.  Reply briefs will be allowed only with leave of the Court.

**(2)    Pretrial Order.**

Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than thirty days after the date set for filing dispositive motions, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

4

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

after the decision on the dispositive motions or further order of this Court. The disclosures required by FRCP 26(a)(3) and any objections shall be included in the final pretrial order.

**(3)    Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a)    A statement specifying the discovery completed;

(b)    A specific description of the discovery that remains to be completed;

(c)    The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d)    A proposed scheduled for completing all discovery.

The parties submit that good cause exists for an extension of the discovery deadlines for the reasons stated above. The parties intend to conduct discovery in an expeditious manner. This delay will not impede this matter and, in fact, will allow the Court time to rule on the pending Motions to Dismiss and the parties to continue to conduct discovery in an effective and efficient manner. No Trial has been set and dispositive motions have not been filed.

Dated this _____ day of February, 2026.

5

By: /s/ *Colton M. Johnson Taylor*
ANTONIO M. ROMANUCCI (PHV)
JOSHUA M. LEVIN (PHV)
COLTON M. JOHNSON TAYLOR (PHV)
**ROMANUCCI & BLANDIN**
321 North Clark Street, Suite 900
Chicago, Illinois 606546385
(312) 458-1000
aromanucci@rblaw.net
jlevin@rblaw.net
cjohnson@rblaw.net


By: /s/ *Paul S. Padda*
PAUL S. PADDA, ESQ.
**PAUL PADDA LAW, PLLC**
Nevada Bar #10417
4560 South Decatur Blvd., Ste. 300
Las Vegas, NV 89103
psp.paulpaddalaw.com

***Attorneys for Plaintiff Kristina Kerlus***

By: /s/ *Lyssa S. Anderson*
LYSSA S. ANDERSON
KRISTOPHER J. KALKOWSKI
TRAVIS C. STUDDARD
**KAEMPFER CROWELL**
1980 Festival Plaza Drive Suite 650
Las Vegas, NV 89135
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
tstuddard@kcnvlaw.com

***Attorneys for Defendant A. Santos and
Las Vegas Metropolitan Police
Department***

By: /s/ *Robert W. Freeman*
ROBERT W. FREEMAN
ETHAN M. FREEMAN
**LEWIS, BRISBOIS,
BISGAARD &
SMITH, LLP**
6385 S. Rainbow Blvd, Suite 600
robert.freeman@lewisbrisbois.com
matt.freeman@lewisbrisbois.com

***Attorneys for Dr. Jennifer Corneal and
County of Clark***

**ORDER**

IT IS SO ORDERED.

Dated this ___4th___ day of February, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

6

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940