PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
**-and-**
ANTONIO M. ROMANUCCI, ESQ. (Admitted PHV)
Email: aromanucci@rblaw.net
JOSHUA M. LEVIN, ESQ. (Admitted PHV)
Email: jlevin@rblaw.net
COLTON M. JOHNSON TAYLOR, ESQ. (Admitted PHV)
Email: cjohnson@rblaw.net
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Tele: (312) 458-1000

*Attorneys for Plaintiff*

**PAUL PADDA LAW, PLLC**
**4560 South Decatur Boulevard, Suite 300**
**Las Vegas, Nevada 89103**
**Tele: (702) 366-1888 • Fax (702) 366-1940**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KRISTINA KERLUS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>DR. JENNIFER CORNEAL, in her individual capacity; A. SANTOS, in her individual capacity; COUNTY OF CLARK, a municipal corporation; LAS VEGAS METROPOLITAN POLICE DEPARTMENT an independent political subdivision; jointly and severally,<br><br>Defendants. | Case No. 2:24-cv-02352<br><br>**AMENDED STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**<br><br>As amended on pages 5, 10-11 |

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

The parties to this action, by their respective counsel, having agreed to the following, and for good cause shown pursuant to Fed. R. Civ. P 26(c)(1), IT IS HEREBY ORDERED as follows:

**1. PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under law to treatment as confidential.

**2. SCOPE.**

All documents produced in the course of discovery, all responses to discovery requests, and all deposition testimony and exhibits and any other materials which may be subject to discovery (hereinafter collectively "Discovery Material") shall be subject to this stipulated protective order concerning confidential information as set forth below. Any Party, or any Non-Party who produces documents in this litigation or gives deposition testimony, may designate documents or deposition testimony as Confidential but only after review of the material and a determination, in good faith, that the material contains "Confidential Information," as defined below, and pursuant to the procedure set forth below.

**3. CONFIDENTIAL INFORMATION.**

"Confidential Information" shall mean information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or applicable legal precedent; (b) information that reveals trade secrets; (c) criminal history information, information which, if publicly disclosed, poses a substantial risk to officers' safety, and law enforcement documents and information that are exempt from public records disclosures; (d) research, technical, commercial or financial information that the party has maintained as

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

confidential; (e) medical or mental health information concerning any individual; (f) personal identity information; (g) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (h) personnel or employment records.

Confidential Information does not include information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain through no fault of the Receiving Party; (c) the Receiving Party can show was already in its rightful and lawful possession at the time of disclosure; or (d) the Receiving Party lawfully receives from a Non-party later without restriction as to disclosure.

**4. <u>OTHER DEFINITIONS.</u>**

<u>Party</u>: any party to this action, including all of its officers, directors, agents, and attorney(s) of record for a Party in this action (including their associates, paralegals, and support/clerical staff).

<u>Non-party</u>: any individual, corporation, association, or natural person or entity other than a party.

<u>Protected Material</u>: any Discovery Material containing Confidential Information that is designated by a Party or Non-party as "CONFIDENTIAL," unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply the Court for an order designating the material confidential within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

<u>Producing Party</u>: a Party or Non-party that produces Discovery Material in this action.

<u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

<u>Designating Party</u>: a Party or Non-party that designates Discovery Material as "CONFIDENTIAL". The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such items.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

Challenging Party: a party that elects to initiate a challenge to a Designating Party's confidentiality designation.

5. **FORM AND TIMING OF DESIGNATION.**

**a. Documents.** Protected Material shall be so designated by the Producing Party by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document. Documents shall be designated "Confidential" contemporaneously with the production or disclosure of the documents.

A Designating Party must exercise restraint and make good faith efforts to limit CONFIDENTIAL designations to specific materials that qualify for protection under the appropriate standard. Further, a Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material.

**b. Deposition Testimony.** Portions of depositions shall be designated Confidential within fourteen (14) business days after receipt of the transcript. Such designation shall be specific as to the pages and lines to be protected. A Designating Party must exercise restraint and make good faith efforts to limit "CONFIDENTIAL" designations to specific testimony or materials that qualify for protection under the appropriate standards.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

Inadvertent or unintentional production of Protected Material without prior designation as "Confidential" shall not be deemed a waiver, in whole or in part, of the right to designate documents as Protected Material as otherwise allowed by this Order. Further, a Party or Non-Party may assert that disclosures or discovery material produced by another Party or Non-Party constitute Protected Material by informing all Parties by following the procedures set forth herein for a Designating Party.

**6. <u>Protection of PROTECTED Material.</u>**

**a. General Protections.** Protected Material shall not be used or disclosed by the Parties or counsel for the Parties or any other persons identified below (¶ 6(b)) for any purposes whatsoever other than preparing for and conducting litigation in the above-entitled action (including any appeal).

**b. Qualified Receiving Parties and Limited Third Party Disclosures.** Protected Material shall be held in confidence by each qualified Receiving Party to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a qualified recipient. All Protected Material shall be carefully maintained so as to preclude access by persons who are not qualified Receiving Parties.

Subject to these requirements, in addition to Parties and the Court, ^and its staff the following categories of persons may be allowed to review Protected Material pursuant to this Order subject to executing an acknowledgment (in the form set forth at Exhibit A hereto), that he or she has read and understands the terms of this Order and is bound by it:

(1) Any officers, directors, or designated employees of a Party deemed necessary by counsel of record in this action to aid in the prosecution, defense, or settlement of this action;

(2) Professional outside vendors for attorneys of record (such as copying services and translators and interpreters),

(3) Court reporters, deposition notaries and staff;

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

(4) The author of any document designated as CONFIDENTIAL or the original source of Confidential Information contained therein;

(5) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(6) Deponents during the course of their depositions;

(7) Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or indemnify or reimburse payments or costs associated with these proceedings;

(8) Any private mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties;

(9) Any other person as to whom the Designating Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

**c. Control of Documents.** Counsel for Parties shall take reasonable efforts to prevent unauthorized disclosure of Protected Material pursuant to the terms of this Order. No copies of Protected Material shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action.

**d. Copies.** Any person making copies of Protected Material shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order. All copies shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## 7. INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION; FEDERAL RULE OF EVIDENCE 502(d)

The inadvertent disclosure or production of any material or document protected by the attorney-client privilege or work-product doctrine, including but not limited to material or documents that may otherwise qualify as Confidential Information or Protected Material under this Order, shall not be deemed to waive the Producing Party's claim to the privileged or protected nature of such material or document, nor shall it estop the Producing Party or the privilege holder from designating the material or document as subject to the attorney-client privilege or work-product doctrine in this action or in any other federal or state proceeding.

Any Receiving Party that receives such material or document must return it, and any copies thereof, to the Producing Party upon request. Upon receipt of a request identifying the specific material or documents claimed to be privileged or protected, the Receiving Party must return the material or documents (and any copies) to the Producing Party within seven (7) days of the request, regardless of whether the Receiving Party agrees with the claim of privilege or work-product protection. The Receiving Party may thereafter seek a ruling from the Court challenging the claim of privilege or protection, but may not use or disclose the material or document pending resolution of the challenge. Disclosure of the material or document by the Receiving Party prior to its receipt of such a request will not be deemed a violation of this Order.

Any Receiving Party that discovers, or has reason to believe, that it has received material or a document that may have been inadvertently produced and that may be subject to a claim of attorney-client privilege or work-product protection must promptly notify the Producing Party of that fact.

This paragraph constitutes an order pursuant to Federal Rule of Evidence 502(d) and shall be interpreted to provide the maximum protection allowed by that Rule.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

**8. UNAUTHORIZED DISCLOSURE.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

**9. Filing PROTECTED Material**

The Parties recognize the presumption of public access inherent in judicial records and that this Protective Order does not establish that Protected Material necessarily meets the "standard for sealing set forth in the Ninth Circuit's decisions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom*. *FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana,* 447 F.3d at 1178. The only exception to this rule is that only good cause need be established "for sealed materials attached to a discovery motion unrelated to the merits of a case." *Chrysler Group*, 809 F. 3d at 1097 (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213–14 (9th Cir.2002).). Further, the Court should make an independent determination regarding whether documents merit sealed status, and thus expressly reserves the right to do so. *Kamakana* 447 F.3d at 1186-87.

In recognition of this legal standard, and the fact that the party filing Protected Material may not be the party that designated it confidential (and thus, may not believe good cause exists for sealing), the Parties suggest that the procedure set forth below is followed if the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

subject to protection pursuant to this Stipulated Protective Order: The Party filing such Protected Materials may assert in the accompanying motion any reasons why the Protected Materials should not, in fact, be kept under seal and the Designating Party, who must be properly noticed, may likewise file a response asserting its position that the Protected Material merits protection under Rule 26(c) of the Federal Rules of Civil Procedure and attaching a declaration supporting the assertion that the designated material meets the applicable standard.

**10. <u>Challenges to PROTECTED MATERIAL.</u>**

Any designation of Protected Material is subject to challenge. The following procedures shall apply to any such challenge:

**a. Burden.** The burden of proving the necessity of a "CONFIDENTIAL" designation remains with the party asserting confidentiality.

**b. Notice; Opportunity to Challenge.** A party who contends that Protected Material is not entitled to confidential treatment shall give written notice to the party who affixed the "CONFIDENTIAL" designation of the specific basis for the challenge. The party who so designated the documents shall have fourteen (14) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the "CONFIDENTIAL" designation, and the status as Protected Material.

**c. Treatment as Protected Material until Order or Withdrawal.** Notwithstanding any challenge to the designation of documents as such, all material previously designated "CONFIDENTIAL" shall continue to be treated as Protected Material subject to the full protections of this Order until one of the following occurs: (1) the Party who claims that the documents are Protected Material withdraws such designation in writing; (2) the Party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or (3) the Court rules that the documents are not Protected Material and/or should no longer be designated as "Confidential."

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

**11. DURATION; Conclusion of Litigation.**

All provisions of this Order restricting the use of Protected Material shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. However, the dismissal of this action will terminate the jurisdiction of this Court, including over this Order. Within sixty (60) days of the final termination of the above-entitled action, which would be either a final judgment on all claims or stipulation and order for dismissal with prejudice, all documents and information designated as CONFIDENTIAL by a Designating Party and which has not been challenged, including any copies, or documents containing information taken therefrom, shall be returned to the Designating Party. In the alternative, within sixty (60) days of the final termination of this case, which would be either a final judgment on all claims or stipulation and order for dismissal with prejudice, all such documents, including copies, may be shredded or disposed of in a manner to ensure the destruction thereof. To the extent a party has designated portions of a deposition transcript as CONFIDENTIAL, the non-designating party is under no obligation or duty to shred or dispose of the deposition transcript, or any portion thereof, however, the CONFIDENTIAL designation will remain.

**12. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material designated by another Party or Non-party, the Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**13. ORDER SUBJECT TO MODIFICATION.**

This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in in the above-entitled action to intervene for purposes of addressing the scope and terms of this Order. ~~The Order shall not, however, be modified until~~

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

~~the Parties shall have been given notice and an opportunity to be heard on the proposed modification~~.

**14. NO JUDICIAL DETERMINATION.**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

**15. MISCELLANEOUS.**

**a. Public Health and Safety**. Nothing in this Order is intended to prevent any Party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

**b. Right to Further Relief**. Nothing is this Order abridges the right of any Party or person to seek its modification by the Court in the future.

**c. Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

**16. PERSONS BOUND UPON ENTRY OF ORDER.**

This Order shall take effect when entered and shall be immediately binding upon the Parties (as defined herein) and any other persons made subject to this Order by its terms.

IT IS SO STIPULATED.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: August 24, 2026

By: /s/ *Joshua M. Levin*
ANTONIO M. ROMANUCCI (PHV)
JOSHUA M. LEVIN (PHV)
COLTON M. JOHNSON TAYLOR (PHV)
**ROMANUCCI & BLANDIN**
321 North Clark Street, Suite 900
Chicago, Illinois 606546385
(312) 458-1000
aromanucci@rblaw.net
jlevin@rblaw.ne
cjohnson@rblaw.net

By: /s/ *Paul S. Padda*
PAUL S. PADDA, ESQ.
**PAUL PADDA LAW, PLLC**
Nevada Bar #10417
4560 South Decatur Blvd., Ste. 300
Las Vegas, NV 89103
psp.paulpaddalaw.com

***Attorneys for Plaintiff Kristina Kerlus***

By: /s/ *Lyssa S. Anderson*
LYSSA S. ANDERSON
KRISTOPHER J. KALKOWSKI
TRAVIS C. STUDDARD
**KAEMPFER CROWELL**
1980 Festival Plaza Drive Suite 650
Las Vegas, NV 89135
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
tstuddard@kcnvlaw.com

***Attorneys for Defendant A. Santos and Las Vegas Metropolitan Police Department***

By: /s/ *Robert W. Freeman*
ROBERT W. FREEMAN
Nevada Bar No. 3062
E. MATTHEW FREEMAN
Nevada Bar No. 14198
**LEWIS, BRISBOIS, BISGAARD & SMITH, LLP**
6385 S. Rainbow Blvd, Suite 600
matt.freeman@lewisbrisbois.com
robert.freeman@lewisbrisbois.com

***Attorneys for Dr. Jennifer Corneal and County of Clark***

**<u>EXHIBIT A</u>**

**ACKNOWLEDGMENT OF RECEIPT AND**

**AGREEMENT TO COMPLY WITH**

**STIPULATED CONFIDENTIALITY AGREEMENT AND**

**PROTECTIVE ORDER**

The undersigned, ________________________, hereby acknowledges that he/she has been provided with a copy of the Parties' **Stipulated Confidentiality Agreement and Protective Order** entered in the case no. 2:24-cv-02352-APG-DJA, captioned *KRISTINA KERLUS v. DR. JENNIFER CORNEAL, et. al.*, in the United States District Court, District of Nevada, Southern Division. The undersigned has reviewed said Stipulated Confidentiality Agreement and Protective Order and hereby agrees to be bound by the terms thereof.

DATED this ___ day of _______________, 2026

By:___________________________

Litigation Participant – Signature

_____________________________

Name (Printed)

_____________________________

Street Address

_____________________________

City State Zip

_____________________________

Occupation / Business